MILLS, Judge.
The husband appeals the trial court’s denial of his motion to set aside the trial court’s order which dismissed his Wakulla County divorce proceeding for want of jurisdiction. We affirm.
The following facts are pertinent to this appeal:
1. On 5 June 1980, husband filed for divorce in Wakulla County.
2. In mid-June 1980, the wife and two children moved to Texas.
3. On 23 April 1981, the wife, through her Texas counsel, filed a motion in Wakul-la County to dismiss the Florida proceeding for lack of jurisdiction.
4. On 29 April 1981, wife filed for divorce in Texas.
5. On 1 May 1981, Judge Harper granted wife’s motion to dismiss.
6. No hearing was held on that motion before the judge signed the order, and husband’s counsel had no notice of the order of dismissal until late June or early July of 1981.
7. Husband’s counsel did receive a copy of the motion and proposed order on 1 May 1981.
8. On 2 May 1981, husband signed a “waiver of citation” submitting to the jurisdiction of the Texas courts for purposes of wife’s pending petition for divorce.
9. On 31 July 1981, husband filed a motion in Wakulla County to set aside the trial court’s order dismissing the original Florida petition.
10. On 28 August 1981, the Texas trial court entered its final decree, awarding the parties a divorce and adjudicating the issues of property settlement, alimony, child support, and child custody.
11. On 31 August 1981, a hearing was held in Wakulla County on husband’s motion to set aside the dismissal, which was denied on 3 November 1981.
The issue which is dispositive of this appeal is whether the Texas court had jurisdiction to grant a divorce. It did and we affirm.
*404 The husband consented to the jurisdiction of the Texas court by signing the “waiver of citation,” knowing all the while that he had a divorce petition pending in Florida. He did not consult Texas counsel before signing the waiver. The husband has a master’s degree.
Having obtained jurisdiction over the husband by consent, the Texas court rendered a valid decree of divorce. That portion of the Texas judgment which is final is entitled to full faith and credit; that portion which is interlocutory and subject to modification by the Texas court is not so entitled. See Courtney v. Warner, 290 So.2d 101 (Fla. 4th DCA 1974). Certainly that portion of the Texas decree dissolving the marriage is final. Until such time as the wife attempts to domesticate her Texas judgment in Florida, we are not faced with deciding whether the rest of the decree is entitled to full faith and credit.
We affirm the trial court’s denial of the husband’s motion to set aside.
BOOTH and THOMPSON, JJ., concur.