548 So.2d 266 (1989)
James D. SIEGEL, Appellant,
v.
Victoria B. SIEGEL, Appellee.
No. 88-1902.
District Court of Appeal of Florida, Fifth District.
July 27, 1989.
Rehearing Denied September 8, 1989.
*267 Robert H. Hosch, Jr. and Roger J. McDonald of Butler, McDonald & Moon, Orlando, for appellant.
Dominick J. Salfi, Altamonte Springs, for appellee.
ORFINGER, Judge.
James Siegel appeals a final judgment dissolving his marriage to Victoria Siegel and granting her custody of their minor child. The appellant's principal argument is that the Florida court should have declined to exercise its jurisdiction over custody proceedings begun in Florida by the wife under the Uniform Child Custody Jurisdiction Act. We agree and reverse the custody determination.
The Siegels were married in 1981 in Florida and have one child, Lindsey, who was born in 1985. The parties lived in Florida until November 1986 when they moved to New York. The wife claims that the move to New York was merely temporary while the husband maintains that the parties had become residents of New York. The parties' marital difficulties continued in New York and sometime in March 1987, the wife took the child and returned to Florida. On March 27, 1987, the husband obtained an order from the Family Court in New York granting him temporary custody of the parties' child and ordering the wife to show cause why the husband should not be granted permanent custody. Armed with this order, the husband came to Florida and took the child from the wife. On April 6, 1987, the husband initiated divorce proceedings against the wife in the Supreme Court in New York. The wife, while in New York, was served with process for the divorce proceedings on that date.
On April 15, 1987, the wife filed a petition for dissolution of marriage in Florida. Proceedings continued in both states. In June 1987, the wife appeared and with counsel, participated in a hearing in New York before the Family Court, at which time the court awarded custody to the husband and visitation to the wife and ordered a home study of the parties. In November 1987, the wife entered into a stipulation in which she agreed to allow the New York court to resolve the custody issue and to drop her litigation in Florida. The wife later moved to set aside the stipulation on the basis of coercion and duress but her motion was denied.
Both parties filed motions to dismiss. The wife moved to dismiss the New York proceedings for lack of jurisdiction. Her motion was denied. The husband filed several motions to dismiss the Florida proceedings on the basis that the New York action had been filed prior to the Florida proceedings and because the parties had agreed to proceed under the jurisdiction of New York. The husband's motions were denied. *268 After a hearing was held, the Florida court dissolved the parties' marriage and awarded the wife sole parental responsibility of the child and exclusive possession of the marital home in Florida. The court also provided for visitation to the husband and reserved ruling on the issues of child support, attorney's fees, equitable distribution and alimony.
On appeal, the husband first argues that the Florida court should not have entertained proceedings concerning custody of the child while similar proceedings were under way in New York. Both Florida and New York have adopted the Uniform Child Custody Jurisdiction Act.[1] The purposes of the UCCJA are to avoid jurisdictional competition and conflict with the courts of other states in matters of child custody, to promote cooperation with the courts of other states to the end that a custody decree is rendered in the state which can best decide the case in the interest of the child, to assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection, to discourage continuing controversies over child custody and to avoid relitigation of custody decisions of other states in this state. § 61.1304, Fla. Stat. (1987).
Under the Act, Florida would appear to have jurisdiction since it had been the child's home state within six months before commencement of the proceeding. § 61.1308(1)(a)(2), Fla. Stat. (1987). However, whether Florida should have exercised its jurisdiction is another matter. Section 61.1314(1) provides that a court of this state shall not exercise its jurisdiction under this Act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with the Act. See Johnson v. Denton, 542 So.2d 447 (Fla. 5th DCA 1989). Section 61.1314(3) provides that if the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceedings and communicate with the court in which the other proceeding is pending, to the end that the issue may be litigated in the more appropriate forum.
In the case before us, custody proceedings were pending in New York at the time the Florida proceedings were commenced and the New York court had jurisdiction to determine the custody issue. The wife appeared in Family Court in New York for a custody and visitation hearing in June 1987, challenged the jurisdiction of the New York court and lost. In November 1987, the wife entered into a stipulation with her husband in which she agreed to allow the New York court to resolve the custody dispute. The wife later moved to set aside the stipulation but that motion was denied. Thus the record shows that not only were the New York custody proceedings begun prior to the Florida proceedings but that the wife had obtained New York counsel, appeared and actively litigated the issues in New York and agreed to New York as the proper forum for resolving these issues. To allow the wife to proceed in Florida after litigating and losing the custody issue in New York would be contrary to the very purposes of the Uniform Child Custody Jurisdiction Act. In these circumstances, we hold that the Florida court should have declined to exercise its jurisdiction over the custody issue under section 61.1314.
The jurisdiction of the Florida court over the issue of dissolution of marriage is still another matter. There appears to be no impediment to the Florida court proceeding in a dissolution action when the petitioner meets the Florida residence requirements, not withstanding the pendency of prior divorce proceedings in another state. See Gratz v. Gratz, 137 Fla. 709, 188 So. 580 (1939); Cruickshank v. Cruickshank, 420 So.2d 914 (Fla. 1st DCA 1982); Markofsky v. Markofsky, 384 So.2d 38 (Fla. 3d DCA 1980). Neither can we give primacy to the New York dissolution proceeding based on the Full Faith and Credit provision of Article IV, section 1 of the United States Constitution, because *269 that provision applies only to final judgments, Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870 (1947); Wilkerson v. Wilkerson, 418 So.2d 403 (Fla. 1st DCA 1982); Iverson v. Iverson, 42 Misc.2d 338, 247 N.Y.S.2d 960 (N.Y.Sup. 1964); Aghnides v. Aghnides, 159 N.Y.S.2d 343 (N.Y.Sup. 1957), and there is no indication that a final judgment was entered by the New York court in the dissolution action pending there.
We therefore affirm the judgment appealed from except as to the award of custody of the minor child of the parties, which custody award is reversed.
AFFIRMED in part; REVERSED in part and REMANDED.
COWART and GOSHORN, JJ., concur.
NOTES
[1] § 61.1302-61.1348, Fla. Stat. (1987); N.Y.Dom. Rel.Law, Art. 5-A, §§ 75-a to 75-z.