559 So.2d 109 (1990)
Eleanor S. GOODWIN, Appellant,
v.
Charles W. GOODWIN, Appellee.
No. 89-01833.
District Court of Appeal of Florida, Second District.
April 4, 1990.
Lawrence A. Farese and Charlotte A. Kelley of Cummings & Lockwood, Naples, for appellant.
Victoria M. Ho of Vega, Brown, Stanley & Martin, Naples, for appellee.
DANAHY, Judge.
The appellant (the wife) challenges an order denying her motion to vacate or set aside a default and a final judgment of dissolution of marriage entered pursuant to the default. We find merit in the wife's position and reverse.
On December 6, 1988, the wife instituted divorce proceedings in Pennsylvania, where she resides and where she claims the husband also resides. On January 31, 1989, the appellee (the husband) filed a petition for dissolution of marriage in Collier County, Florida. The wife was duly served with respect to the Florida action.
When the wife failed to file a timely answer in the Florida action, a clerk's default was entered against her on April 6, 1989. Thereafter, the Florida trial court entered a final judgment of dissolution of marriage on April 13, 1989.
Upon learning of the entry of the judgment, the wife filed a motion on April 19, 1989, to vacate or set aside the default and the final judgment entered thereon pursuant to Florida Rule of Civil Procedure 1.540(b), asserting excusable neglect on the part of the wife's Pennsylvania counsel in failing to file an answer and the existence of meritorious defenses. The allegation of excusable neglect was supported by the affidavit of the wife's Pennsylvania counsel detailing an illness which prevented counsel from filing a timely answer. The meritorious defenses asserted in the motion were lack of subject matter jurisdiction and abatement due to the pendency of the prior divorce proceedings in Pennsylvania.
This court has expressed three requirements for setting aside a default. Excusable neglect and a meritorious defense must be established, and due diligence of the party filing such a motion is also a factor which must be considered. Canney v. Canney, 453 So.2d 179 (Fla. 2d DCA 1984); Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977). Due diligence in this case is clearly established by the fact that the wife filed her *110 motion only six days after the entry of the final judgment. The wife proved excusable neglect by the affidavit of her Pennsylvania attorney. The facts asserted in that affidavit were not disputed by the husband.
The wife asserts a meritorious defense in that she vigorously contests the husband's six-month residency in Florida prior to the filing of his petition as required by section 61.021, Florida Statutes (1989). The establishment of residency pursuant to that statute is necessary for the Florida court to have subject matter jurisdiction in a dissolution suit. The standard of proof is "clear and convincing" rather than merely a preponderance of the evidence. Beaucamp v. Beaucamp, 508 So.2d 419 (Fla. 2d DCA 1987).
The second defense asserted by the wife, the pendency of the Pennsylvania proceedings, is not a valid defense to this Florida action. There is no impediment to a Florida court proceeding in a dissolution action when the petitioner meets the Florida residence requirements, notwithstanding the pendency of prior divorce proceedings in another state. Siegel v. Siegel, 548 So.2d 266 (Fla. 5th DCA 1989); Cruickshank v. Cruickshank, 420 So.2d 914 (Fla. 1st DCA 1982).
Since the wife established due diligence, excusable neglect, and a meritorious defense, we find that the trial court abused its discretion in denying her motion to set aside the default. We reverse and remand for further proceedings.
Reversed and remanded.
RYDER, A.C.J., and THREADGILL, J., concur.