573 So.2d 1085 (1991)
Charles H. NORRIS, Petitioner,
v.
Diana S. NORRIS, Respondent.
No. 90-3332.
District Court of Appeal of Florida, Fourth District.
February 13, 1991.
*1086 Kenneth G. Spillias of Shapiro & Bregman, P.A., and Robert M.W. Shalhoub of Houston & Shalhoub, P.A., West Palm Beach, for petitioner.
Ronald Sales of Law Office of Ronald Sales, P.A., West Palm Beach, for respondent.
PER CURIAM.
We have for review by petition for writ of certiorari an order of the trial court denying a motion to stay dissolution proceedings filed in Florida because of a prior pending proceeding in Pennsylvania. Both the Pennsylvania court and the Florida court had determined that their courts, respectively, had subject matter jurisdiction as well as personal jurisdiction over each party. In Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991) the Florida Supreme Court approved this court's reasoning in Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982) which as a matter of comity applied the "principle of priority" to cases pending in two sovereign jurisdictions. The Bedingfield court announced the rule that a court may stay a proceeding before it on the grounds that a prior filed case involving the same parties and issues is pending in the courts of another state. The supreme court in Siegel qualified this rule by stating:
This does not mean that a trial court must always stay proceedings when the prior proceedings involving the same issues and parties are pending before a court in another state but only that ordinarily this should be the result. `There may well be circumstances under which the denial of a stay could be justified upon a showing of the prospects for undue delay in the disposition of a prior action.' Schwartz v. DeLoach, 453 So.2d 454, 455 (Fla. 2d DCA 1984). There may be additional factors or circumstances which would also warrant a denial of stay by the trial court.
575 So.2d at 1272 (emphasis in original opinion). The supreme court's decision quashed the trial court's order denying a motion to stay the Florida dissolution proceedings in Siegel.
We find Siegel and Bedingfield to be controlling in this case and that the principle of priority applies. While Siegel suggests some situations such as delay in proceedings which may prevent application of the rule, the respondent has not shown that undue delay of proceedings would occur in Pennsylvania nor any other circumstance which case law supports as a ground for denying the stay. In fact, respondent's primary argument against a stay of Florida proceedings is that Florida law regarding equitable distribution is more favorable than Pennsylvania law. However, her petition requests enforcement of an antenuptial agreement which by its terms is to be construed under Pennsylvania law.
Based on the foregoing, we grant the petition, quash the order denying the stay except as to child custody and visitation on which issues the petitioner is not challenging the Florida court's right to proceed at this time, and we direct that the trial court stay the Florida proceedings except as to child custody and visitation pending resolution of the Pennsylvania action.
GUNTHER, STONE and WARNER, JJ., concur.