630 So.2d 1145 (1993)
MERRILL LYNCH, PIERCE, FENNER, AND SMITH, INC., Petitioners,
v.
Francis E. AINSWORTH; Patrick Albert; Harold O. and Evelyn M. Bailey; Raymond J. Brown; Carole K. Costa; Eugene W. Garges, Jr.; and Howard Goldstein, M.D.; Byron S. and Rita M. Hancock; Patsy Kay Jackson, Trustee; Hugh J. Lattomus, Trustee; M. Lewis Laurence and Marlene J. Laurence, Trustees; Harold W. Talbott, Trustee; and Jack A. Taylor, Respondents.
No. 93-02272.
District Court of Appeal of Florida, Second District.
November 17, 1993.
*1146 Burton W. Wiand and Hala A. Sandridge of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for petitioners.
John P. Graves, Jr., Sarasota, for respondents.
PER CURIAM.
Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), petitions this court for a writ of certiorari to quash an order denying a stay or abatement of this action. We grant the petition.
The respondents invested in various limited partnerships through Merrill Lynch. These customers initially instituted arbitration proceedings against Merrill Lynch with the National Association of Securities Dealers, Inc. (NASD), alleging fraud in the sale of units in the limited partnerships.[1] In response to the customers' filing the arbitration proceeding, Merrill Lynch filed a special action in New York state court to stay the arbitration pending a determination by the court of the arbitrability of the customers' claims.
The New York court issued an order to show cause why the arbitration should not be permanently stayed based on Merrill Lynch's allegations that the claims were nonarbitrable, time-barred, and ineligible for submission to arbitration. The order to show cause, which stayed the arbitration proceeding pending further court order, was served by certified mail on the attorney for the customers.[2] The attorney for the customers did not *1147 appear specially in New York at the noticed hearing to contest personal jurisdiction.
After the show cause order was served, the customers sued Merrill Lynch in this Florida action in which they asserted the same claims that were submitted to arbitration in New York. Contending that New York did not have personal jurisdiction over them, the customers also sought to have the circuit court enjoin Merrill Lynch from continuing with the New York action. Merrill Lynch filed a motion to stay or abate these Florida proceedings pending resolution of the New York action and a motion to compel arbitration. The circuit court denied the injunctive relief and declined to stay these proceedings, questioning whether New York properly exercised personal jurisdiction over the customers.[3]
If courts of different states have concurrent jurisdiction over the same parties and subject matter, the "principle of priority" may be applied as a matter of comity. Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991) (approving the reasoning of Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 3d DCA 1982), petition for review dismissed, 427 So.2d 736 (Fla. 1983)); Norris v. Norris, 573 So.2d 1085 (Fla. 4th DCA 1991). The principle, which technically applies only to matters among courts within the same sovereignty, provides that the court first exercising jurisdiction acquires exclusive jurisdiction to proceed. Siegel, 575 So.2d at 1272, quoting from Bedingfield, 417 So.2d at 1050; see also 20 Am.Jur.2d Courts § 128 (1965); 21 C.J.S. Courts § 224 (1990).
Under the circumstances in this case, the circuit court as a matter of comity should have stayed this action in view of the New York court's prior exercise of concurrent jurisdiction. There was no showing of undue delay on the part of the New York court, nor was there any other factor that would warrant a denial of the stay. Accordingly, the order denying the stay is quashed.
Petition granted.
DANAHY, A.C.J., and THREADGILL and PARKER, JJ., concur.
NOTES
[1] The customers were required to file their statement of claim with the Director of Arbitration pursuant to section 25 of NASD's 1992 Code of Arbitration Procedure. The director is located in its New York office.
[2] New York law permits service by certified mail on the attorney who signed the demand for arbitration, or in this case, the statement of claim. See N.Y. Civ.Prac. L. & R. § 7503(c) (McKinney 1993) ("Service of the [application to stay arbitration] may be made ... upon [the adverse party's] attorney if the attorney's name appears on the demand for arbitration or the notice of intention to arbitrate"). Merrill Lynch argues that the customers submitted themselves to the jurisdiction of the New York courts by filing the arbitration with NASD, citing Merrill Lynch, Pierce, Fenner & Smith v. Lecopulus, 553 F.2d 842 (2d Cir.1977); Dain Bosworth, Inc. v. Fedora, Fed.Sec.L.Rep. (CCH) P. 97,349, 1993 WL 33642 (S.D.N.Y. Feb. 3, 1993); and Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Noonan, Fed.Sec.L.Rep. (CCH) P. 96,973, 1992 WL 196741 (S.D.N.Y. Aug. 3, 1992). The parties disagree as to whether each customer had a customer agreement and whether any such agreements contained New York choice-of-law provisions. The circuit court did not rule on this issue, nor do we.
[3] After the circuit court entered the order under review, the New York court entered its decision that defaulted the customers and barred arbitration of some but not all of the claims.