642 So.2d 1103 (1994)
Devindar MARAJ, Petitioner,
v.
Norma MARAJ, Respondent.
No. 94-0954.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
Rehearing, Rehearing and Certification Denied October 19, 1994.
*1104 Ned R. Nashban and Liz Dougherty of Quarles & Brady, and Melinda P. Gamot of McKeown, Jordan & Gamot, West Palm Beach, for petitioner.
Joel M. Weissman of Weissman & Manoff, P.A., West Palm Beach, for respondent.
Rehearing, Rehearing En Banc and Certification Denied October 19, 1994.
STONE, Judge.
Petition for writ of certiorari denied.
The husband seeks review of a trial court order denying his motion to dismiss, or abate, the pending Florida dissolution action filed by the wife and declining to defer, as a matter of comity, to a divorce suit previously filed by the husband in Trinidad and Tobago.
Generally, Florida courts will acknowledge priority in favor of foreign courts first exercising concurrent jurisdiction. E.g. Norris v. Norris, 573 So.2d 1085 (Fla. 4th DCA 1991); Reuther v. Reuther, 524 So.2d 1035 (Fla. 4th DCA), rev. denied, 534 So.2d 401 (Fla. 1988); Robinson v. Royal Bank of Canada, 462 So.2d 101 (Fla. 4th DCA 1985); Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982), rev. dismissed, 427 So.2d 736 (Fla. 1983).
However, here, we cannot say that the trial court's decision departed from the essential requirements of law. There remains a degree of trial court discretion in applying comity principles where supported, as here, by the record. Although the marital domicile was initially in Trinidad, the parties have resided in Florida since 1987. Only one of their five children resides in Trinidad. The parties own and operate a business and have substantial other property here. The Florida proceeding involves a multitude of issues including child support, temporary and permanent alimony, equitable distribution of marital assets, custody, possession of the marital home, and temporary and permanent attorney's fees.
We recognize that the wife does not assert, nor is there any reason to believe, that deferring to a Trinidad court would result in injustice. Nevertheless, the trial court has discretion to accept the wife's contention that the issues in the Trinidad action differ from those pled here, in that she seeks the more extensive relief afforded under chapter 61, Florida Statutes, and because the parties' children, primary residences, property, and extensive business interests are located here. Cf. Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991); Markofsky v. Markofsky, 384 So.2d 38 (Fla. 3d DCA 1980). In Siegel, the supreme court recognized that there are circumstances warranting a trial court's denial of a stay, notwithstanding an earlier filing in another jurisdiction.
This is not a case, such as Norris or Bedingfield, where the competing jurisdiction's equal or overriding interest is apparent. In Norris, we also acknowledged Florida's overriding interest in certain issues such as custody, visitation, and support. Furthermore, with respect to custody, support, and visitation issues, there is obviously no rational basis, where Florida's jurisdiction is clear, to adopt a policy that recognizes a lesser state interest in maintaining jurisdiction, vis-a-vis the remote jurisdiction, than is afforded under the Uniform Child Custody Jurisdiction Act, Section 61.1314, Florida Statutes.
Therefore, the petition is denied.
ANSTEAD and GLICKSTEIN, JJ., concur.