PER CURIAM.
The petition for writ of certiorari is denied. We do not resolve, or consider, the issue concerning jurisdiction addressed in the dissenting opinion. We comment on it here only to indicate that the legal effect of the parties’ visa status, although apparently raised in the trial court, has not been asserted in this court as a basis for granting relief from the trial court’s denial of a stay while a dissolution proceeding, initiated by Petitioner, remains pending in Germany.
We recognize that we have discretion to consider the question of trial court jurisdiction notwithstanding that it is not raised. However, there are a number of factual allegations in the record that militate against our resolving that issue at this time. We note several: this action, initially for maintenance and later amended to seek dissolution and related relief, was filed prior to that in Germany and there is some question of Respondent’s residency status in Germany following the parties’ separation; the parties’ long term residency in this jurisdiction; the parties’ son’s attendance, since 1988, at local schools; the parties’ making Boca Raton their primary home since 1983; the parties were married in the United States and own other property here; and the joinder in this suit of the husband’s Florida corporations, one of which owns the family home. We also note that Petitioner may not have been entitled to file in Germany at the time he did so, as the parties had not been separated for one year as required by German law. However, we recognize that the latter issue has been resolved in Germany adversely to Respondent during the pendency of this appeal, as the one year separation requirement has since been met by the passage of time.
*994 In denying relief, we conclude only that Petitioner has not demonstrated a departure from the essential requirements of law or an abuse of trial court discretion in its denying a stay. Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991); Maraj v. Maraj, 642 So.2d 1103 (Fla. 4th DCA 1994). Although obviously the parties’ visa status is a significant material fact to be considered, we do not determine here whether the holding of a limited visa precludes dissolution relief, notwithstanding other material evidence demonstrating permanent residency, by a per se application of the visa terms.
STONE and STEVENSON, JJ., concur.
WARNER, J., dissents with opinion.