WARNER, Judge,
dissenting with opinion.
I dissent. I would hold that Florida has no jurisdiction over the dissolution of this marriage. All of the parties, husband, wife and child, possess tourist visas to stay in this country which enable them to remain in the United States for six months at a time, so long as they leave the country at least once during that period. The parties’ strict observance of the visa’s requirements compel a finding that, as a matter of law, the jurisdictional requirement of section 61.021, Florida Statutes (1993), cannot be met. Other cases involving resident aliens, political refugees, or those remaining illegally after the expiration of a visa are not on point.
Even if Florida does have jurisdiction, I do not find that Maraj v. Maraj, 642 So.2d 1103 (Fla. 4th DCA 1994), compels the result here. I would apply Siegel v. Siegel, 575 So.2d 1267 (Fla.1991), and grant the writ, ordering that Florida proceedings be stayed, recognizing the priority of the German courts to resolve this marriage dissolution of its citizens.