COBB, Judge.
Sheila Mabel Johnson appeals an order granting Karyl Goode Johnson’s motion for an order dismissing Sheila Johnson’s amended complaint seeking enforcement of a foreign judgment and, in the second count, an independent action for alimony and equitable distribution. We conclude that dismissal of the second count was error and reverse in respect thereto.
The record reflects that the Johnsons were married in England in March, 1960. During the marriage they developed a successful pig farm equipment business. Sheila Johnson petitioned for divorce on grounds of adultery in 1978; at that time, Karyl Johnson had already left Great Britain. In the proceeding, Sheila Johnson requested that the court dissolve her marriage and requested other ancillary relief including a lump sum award of alimony.[1] On June 9, 1978, Karyl Johnson, who was then a resident of Wisconsin, received from the court a copy of the divorce petition and he signed an “Acknowledgment of Service.” On or about January 4, 1980, a Decree Nisi ordering dissolution of the marriage of the Johnsons was entered at the Royal Courts of Justice, London, England. On or about February 18, 1980, the Decree Nisi was ordered final and absolute.
In April, 1993, Sheila Johnson filed an application in the High Court for ancillary relief seeking a lump sum payment of alimony. Service on Karyl Johnson was allegedly made by mail and personal service in Florida. He did not appear. A judgment on the application was issued on May 27, 1993, granting her a lump sum award of £250,000. The record next reflects that Karyl Johnson was served a copy of the High Court’s order by the St. Johns County Sheriff on August 31,1993, in St. Augustine, Florida.
*460 On January 21, 1994, Sheila Johnson filed her complaint for enforcement and for alimony in the Circuit Court of St. Johns County, Florida. The complaint alleged that both the dissolution of marriage and the alimony proceedings in England were in accordance with English law and were not in conflict with the laws of Florida; that Karyl Johnson was originally served with notice of the 1978 “matrimonial cause” against him and that a certified copy of his acknowledgment of service was attached to the complaint; and that he was personally served on August 31, 1993 with a copy of the May 27, 1993 order and judgment for alimony. The complaint requested that the St. Johns Circuit Court enforce all of the terms of the High Court Order and establish the foreign judgment’s validity in Florida.
After dismissal of the original complaint, Sheila Johnson filed an amended complaint and added an additional count for alimony and equitable distribution in the event of the lower court’s refusal to enforce the foreign judgment. Again, Karyl Johnson moved to dismiss, urging that comity should not be granted the English judgment because of due process criteria, and contending that the alternative count for an alimony award was barred by the statute of limitations. Sheila Johnson filed a memorandum in opposition to the motion to dismiss as well as the affidavit of one Timothy Scott, her English barrister, who opined, inter alia, that an English court would recognize a Florida court order issued under similar circumstances.[2] Karyl Johnson responded by filing his own memorandum of law. The trial judge granted the motion to dismiss setting forth her analysis in a detailed and well-drafted order, which is the subject of the instant appeal.
We affirm the trial court’s action in dismissing Count I of the plaintiff’s amended complaint seeking comity for the English money judgment. We do not believe the English court acquired in personam jurisdiction of Karyl Johnson in 1978 in a manner that comports with American standards of due process. That jurisdiction was purportedly based upon a voluntary appearance by Karyl Johnson because he. executed a form acknowledgment of service sent to him by mail by the English court. A copy of that form has been presented to this court as Exhibit B in an Appendix attached to Sheila Johnson’s Reply Brief. The questions on that form, and the answers thereto, are as follows:
*461 [[Image here]]
At the bottom of the form on the left is a space for the recipient’s signature and the direction that, in the event he does not intend to employ a solicitor, to supply the address of a place in England or Wales to which documents may be sent to him. The form also directs that if a solicitor is retained, he should sign on the opposite side of the form. The lower right-hand portion of the form is blank, clearly showing that no solicitor was retained to represent Karyl Johnson in the cause. Despite this, Sheila Johnson’s second amended complaint filed below alleges that Johnson designated on the form “a firm of solicitors in England to accept further service on his behalf.” This spurious allegation probably contributed to the lower court’s dismissal.
We also note that the form directed to Karyl Johnson by the English court did not apprise him that his candid answers thereto would subject him to any alimony judgment at any time, much less one entered after the divorce some fifteen years later.[3] The form is entitled only as an acknowledgment of service, not as an appearance or a pleading. The appellant in this cause does not contend that the 1978 “service” on Karyl Johnson was in compliance with any long-arm statute, either in Florida or in England, and there was no compliance with the Flori *462 da statute. It should also be pointed out that, in granting or denying comity to a foreign judgment, there is an element of discretion afforded to the trial court. Maraj v. Maraj, 642 So.2d 1103 (Fla. 4th DCA 1994).
We cannot agree, however, with the action of the trial court in dismissing Count II of the amended complaint, which seeks to initiate a fresh action in Florida for alimony and equitable distribution in the event that the English money judgment is not entitled to comity. The trial court set forth two reasons for dismissal of Count II:
(7) As to Count II, there is no provision for alimony or an adjudication of property rights under Florida law independent of a divorce proceeding. Even if such an action would lie, it is barred by the applicable statute of limitations.
The trial court erred in this finding because, in the absence of any in personam jurisdiction to determine the respective financial rights and obligations of the parties, the doctrine of res judicata does not preclude a post-dissolution action seeking adjudication of these matters. Davis v. Dieujuste, 496 So.2d 806, 809 (Fla.1986); Pawley v. Pawley, 46 So.2d 464 (Fla.1950), cert. denied, 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950).
Nor can we agree that Sheila Johnson’s claim is barred by any statute of limitations. This is so because the claim is equitable, not legal, and therefore not subject to any statute of limitations. See Popper v. Popper, 595 So.2d 100, 103 (Fla. 5th DCA 1992), rev. denied, 602 So.2d 942 (Fla.1992). Any affirmative defenses of laches or estop-pel have not been considered by the trial court at this time, and are not before us on this appeal.
Accordingly, we affirm the trial court’s dismissal of Count I of the amended complaint and reverse its dismissal of Count II, and we remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HARRIS, J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.

. This is based on the allegations in the body of the amended complaint. We note, however, an exhibit attached to the complaint raises some doubt as to the inclusion of the request for lump sum alimony in the original action.

. If Barrister Scott's opinion of English law pertaining to notice and jurisdiction is correct, which we doubt, it would provide additional cause to celebrate the Declaration of Independence.

. In response to the hyperbolic dissent, it should be noted that there is no Florida court, much less ten out of ten, that mails out questionnaire forms along with constructive service of process in order to convert in rent jurisdiction into in person-am jurisdiction.