ON MOTION FOR REHEARING
HARRIS, Judge.
Petitioner, Kendra Faye Billingsley, has moved for rehearing on our denial of her Petition for Writ of Certiorari. Because our denial was without opinion, we can understand the mother’s concern that our denial might conflict with Chaddick v. Monopoli, 677 So.2d 347 (Fla. 5th DCA 1996), rev. granted, 689 So.2d 1068 (Fla.1997). We grant rehearing for the purpose of this explanation.
There is a major distinction between this case and Chaddick. In Chaddick, the father was and had been a resident of Virginia when, during the child’s summer visitation, he petitioned for a change of custody claiming that he could not return the child to the mother because the mother would not reveal her new address. Thus the complaint properly alleged a case for change of custody based on the child’s best interest and a “significant connection with” Virginia based on the father’s Virginia residence and the child’s *546 presence in Virginia at the time the action was filed. Under similar facts in Siegel v. Siegel, 548 So.2d 266 (Fla. 5th DCA 1989), we held that although both states had a legitimate basis for asserting jurisdiction, it was error for the Florida court to assume jurisdiction under the UCCJA since the New York action was first filed. The supreme court affirmed the holding in Siegel v. Siegel, 575 So.2d 1267 (Fla.1991).
In Chaddick, the trial court reviewed the pleadings and discussed the matter with his Virginia counterpart and determined that the father had indeed alleged a proper basis for Virginia jurisdiction and, since the Virginia action was first filed, dismissed the Florida action. The mother appeared in the Virginia action and actively contested the factual basis of the Virginia court’s jurisdiction. It was appropriate, therefore, for us to hold that “[i]f the Virginia court erred in assuming jurisdiction, that issue should be raised in the appropriate appellate court in Virginia.” We therefore upheld the trial court’s decision to defer to Virginia’s prior exercise of jurisdiction.
In the present case, however, after the parties established an eight-month marital residence in Florida, the mother fled with the child to North Carolina, a state which had no prior contact with the marriage or the child, and immediately obtained, without notice or service, an order granting her custody of the child. The father filed a Florida dissolution action the very next day seeking custody of the child. The trial court herein determined that the North Carolina court was not exercising its jurisdiction substantially in conformity with the UCCJA and that even if the North Carolina action was first filed, it did not deprive the Florida courts from exercising proper jurisdiction under the UCCJA. The court below found from the evidence:
1) The child was brought to Florida on 9 August 1995.
2) The mother and child traveled between St. Augustine and Simpsonville, South Carolina.
3) The parties sold and turned over possession of their home in South Carolina on 15 November 1995.
4) It was the parties’ intent to establish a new marital home in St Augustine on 9 August 1995, notwithstanding the wife and child’s visits and trips back to South Carolina.
5) On 25 February 1996 the wife left the marital home in Florida and travelled to the mother’s parents’ home in North Carolina. The wife then immediately filed an action in North Carolina.
6) The parties never lived as husband and wife, nor did the child ever reside in North Carolina.
In Siegel, supra, the supreme court made it clear that the trial court has the authority under the UCCJA to determine whether the court of a sister state is, in fact, exercising its jurisdiction in substantial conformity with the dictates of the UCCJA. The court held:
The decision of the court below does not conclude that the Florida trial court should not have held a hearing in order to determine if the New York Family Court was exercising jurisdiction substantially in conformity with the act. As noted above, the district court instead determined that both Florida and New York had jurisdiction pursuant to the UCCJA; that proceedings were commenced in New York prior to commencement of the action in Florida; that to allow the wife to proceed in Florida after litigating and losing the custody issue in New York would be contrary to the purposes of the UCCJA; and that the Florida court should have declined to exercise its jurisdiction over the custody issue under section 61.1314 in these circumstances ... In other words, it appears the district court below merely concluded that the Florida trial court reached the wrong conclusion on the issue of whether New York was exercising its jurisdiction substantially in conformity with the UCCJA.
Siegel, 575 So.2d at 1270-71.
While the supreme court in Siegel held that the trial court is authorized to hold an evidentiary hearing to determine whether a sister state is exercising its jurisdiction in substantial conformity with the requirements of the UCCJA, it did not hold that a trial court must hold such a hearing when the *547 pleadings before it demonstrate that both states have a legitimate claim to UCCJA jurisdiction. We therefore held in Chaddick that even though the trial court may conduct a hearing to determine if our sister states are exercising jurisdiction in substantial conformity with the UCCJA, such determination may also be made without an evidentiary hearing if the court can determine from the pleadings before it and a conference with the judge of the sister state that in fact such' sister state is acting in conformity with the act.
In the present case, the trial court determined that an evidentiary hearing was appropriate and we agree with the trial court’s determination that North Carolina was not exercising its jurisdiction substantially in conformity with'the act and we also agree that the trial court properly exercised jurisdiction to determine custody under the circumstances of this case. To do otherwise would violate the purposes of the UCCJA and would encourage flight to a friendlier, even if totally unconnected, state in order to establish jurisdiction. Although the father filed a Motion to Dismiss in the North Carolina action to advise the court of his contention that the North Carolina court was acting contrary to its obligations under the UCCJA and that a proper action was proceeding in Florida, he did not personally appear in the North Carolina court to present evidence. Further, since we have determined that this is not a ease in which either state has a basis for assuming jurisdiction, (and that North Carolina had no such basis), the father was not required to rely on the appellate court of North Carolina. This differs substantially from Chaddick where Virginia had a proper basis for jurisdiction and in which the mother appeared in the Virginia court and participated in the hearing which led to the adverse ruling on custody before she filed her action in Florida.
REHEARING GRANTED; PETITION DENIED.
COBB, J., concurs.
W. SHARP,J., concurs in result only, with opinion.