KLEIN, J.
Appellant brought this case against a corporation, Classic Collectible Products, Inc. and three individuals, Scott Bergman, Bruce Boettcher, and Marie Ringvik, seeking damages on several theories arising out of a business deal. The trial court dismissed the action because a previously filed action involving the same issues was pending in Georgia and because Florida lacked personal jurisdiction over the defendant appellees. This appeal was stayed pending settlement negotiations which were successful as to some of the defendants, but not as to appellees Bergman and Ringvik who are now the only remaining defendants. We reverse.
We agree with the appellant that the trial court erred in dismissing this case based on the rule against splitting causes of action. We conclude that, because these two lawsuits were pending in different states, the trial court should have applied the “principle of priority,” which is a matter of comity. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ainsworth, 630 So.2d 1145 (Fla. 2d DCA 1993) and cases cited. Under comity, the trial court should have stayed this proceeding while the prior case involving the same subject matter and parties was pending in Georgia. Leslie Fay Retail Outlets, Inc. v. Gallery Mfg. Corp., 653 So.2d 1106 (Fla. 3d DCA 1995) and cases cited.
As to the question of whether the court had personal jurisdiction over the individual defendants, the facts are undisputed that the individual defendants, who are Georgia residents, met with the appellant in Palm Beach for several days for the purpose of setting up a business venture. After those meetings, the parties formed a Florida corporation for the purpose of engaging in that business venture. Appellant brought this action against the corporation and the individual defendants in Florida, alleging fraud, conversion, and interference with a business relationship.
The actions of the defendants in coming to Palm Beach, engaging in meetings with the appellant, and forming a Florida corporation for the purpose of engaging in a business venture, were sufficient to comply with the long-arm statute, section 48.193, Florida Statutes (1995), as well as the federal minimum contact requirement. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). Because the allegations include conduct of the individuals prior to incorporation and as individuals after incorporation, the case on which appellees rely, Doe v. Thompson, 620 So.2d 1004 (Fla.1993), in which the non-resident corporate employee had only been acting in his corporate capacity, is inapplicable.
We therefore reverse the order of dismissal and remand without prejudice to the defendants seeking a stay pending resolution of the Georgia case.
STONE and STEVENSON, J., concur.