MILLS, Judge.
Renae appeals from an order which established a Pennsylvania custody and child support decree as an enforceable Florida judgment. Renae specifically appeals from that portion of the order denying her attorney’s fees. We affirm.
David and Renae LeRoy were granted a divorce by a Pennsylvania court on 21 July 1980. The parties were residents of Pennsylvania at the time of the divorce.
*195 On 28 October 1980, the same Pennsylvania court entered an order providing for joint custody of the parties’ two children, a son and a daughter. Primary residence for the children was established with the mother.
The order stated that the parties agreed to resolve any custody disputes through a court of competent jurisdiction as determined by the Uniform Child Custody Jurisdiction Act. The order reflected that the parties knew that the mother would be moving to Florida.
The children resided with the mother in Gainesville, Florida, from 1980 until August 1984 except for summer visitation with the father by both children, and the son spent the 1981-1982 and 1982-1983 school years with the father.
On 9 June 1984, the children went to visit with the father in Pennsylvania for eight weeks. By consent of the parties, the eight weeks was extended until 18 August 1984.
On 8 August 1984, the father obtained an ex parte order from the same Pennsylvania court which had earlier dealt with the divorce and child custody. The order granted the father temporary custody of the children.
In obtaining the order, the father alleged that the son (then age 10) had been left by the mother in the “... care and custody of a twenty (20) year old individual by the name of Andy who has opened the child up to numerous experiences which are clearly to the detriment of the boy.” The father further alleged that the mother did not provide for proper adult supervision of the children while she was away. The son had told his father that sexual abuse had occurred while the son was in the care of an adult male babysitter.
On 21 August 1984, the mother filed a complaint in the Eighth Judicial Circuit of Florida to establish the Pennsylvania custody and child support decree as a Florida judgment and for enforcement. An ex parte hearing was held on the same date before Judge John J. Crews. During the hearing, Judge Crews called the Pennsylvania judge who had granted the father temporary custody of the children and expressed his willingness to take jurisdiction of the children.
The Pennsylvania court, following hearing on 22 August 1984, found that jurisdiction was properly in Florida and remanded the children to Florida. The transcript of the Pennsylvania proceeding revealed allegations of sexual abuse of the son by a male babysitter. There were no allegations of abuse or endangerment of the daughter. There was no allegation that the mother had knowledge of the alleged abuse or that the father had attempted to give her this information.
On 18 January 1985, Judge Osee R. Fa-gan ordered that the Pennsylvania custody and child support decree was established as an enforceable Florida judgment. The court stated that the sole issue in dispute raised by the mother’s complaint to establish foreign decree as Florida judgment was whether the father had violated “a custody decree of another state which makes it necessary to enforce the decree in this state thereby entitling Renae to an award of attorney’s fees and costs under Fla.Stat. § 61.1332(2) (1983).” The court did not find that under the circumstances the father had “violated a custody decree of another state.” The court denied attorney’s fees for the mother. This appeal followed.
Both Florida (Fla.Stat. §§ 61.1302 to 61.-1348) and Pennsylvania (42 Pa. Cons.Stat. §§ 5341 to 5366) have adopted the Uniform Child Custody Jurisdiction Act.
When confronted with the possible abuse of his son, the father sought the assistance of the same Pennsylvania court that had originally issued the custody decree. To the father, a lay person, the Pennsylvania court — having originally decided the custody issue — would appear to be the appropriate forum.
A Florida court of competent jurisdiction may have been a better forum as Florida was the home state of the children. Fla. Stat. § 61.1308(l)(a)l. Jurisdiction could *196 nonetheless be asserted in Pennsylvania if it were necessary to protect the children because they had been subjected to or threatened with abuse. Fla.Stat. § 61.-1308(l)(c)2.
The father’s allegation was that the son had been abused. It is also possible that the father felt that his daughter (then age six) was in a situation which threatened her with abuse. The Pennsylvania court had jurisdiction to issue a temporary protective order. Nelson v. Nelson, 433 So.2d 1015, 1019 (Fla. 3d DCA 1983).
Having provided temporary protection for the children, the Pennsylvania court properly relinquished jurisdiction to the appropriate Florida court.
The father did not wrongfully retain the children in Pennsylvania. The father initially had the mother’s permission to extend the children’s visitation period and during the extension he petitioned a court of competent jurisdiction for a temporary custody modification.
The parties to this dispute should bear their own costs and attorney’s fees.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.