610 So.2d 686 (1992)
John D. CRIPPEN, Jr., Appellant,
v.
Cheryl A. CRIPPEN, Appellee.
No. 92-2109.
District Court of Appeal of Florida, First District.
December 18, 1992.
*687 Warren J. Bird of Conner and Walborsky, Tallahassee, for appellant.
Thomas E. Stone, Madison, for appellee.
SMITH, Judge.
Appellant appeals an order entered pursuant to section 741.30, Florida Statutes (1989), extending an injunction for protection against domestic violence for one year. We affirm. For the reasons outlined below, we reject appellant's contention that the trial court was required under the Uniform Child Custody Jurisdiction Act (UCCJA) to yield its jurisdiction in favor of the exercise of jurisdiction by a Wisconsin court, which acquired jurisdiction after this proceeding was begun in Florida.
The parties were married in Wisconsin in 1983 and have three children. They continued to reside in Wisconsin until October 1991, when they relocated to Madison County, the home of the maternal grandparents. According to the wife, they intended to permanently reside in Florida and brought all their personal possessions to Florida. Shortly thereafter, the parties separated. In her verified petition, she alleges this was due in large part to the husband's alcohol-induced violent behavior. She contends her husband told her he had employment in Panama City and that he would be staying in Florida. She thought he was living in Perry after the separation. Alleging that her husband threatened her with a firearm, the wife filed a petition for temporary injunction for protection against domestic violence on November 14, 1991, pursuant to section 741.30.[1]
An ex parte hearing, which is provided for in section 741.30(6)(a), was held the same day the petition was filed. The court entered a temporary injunction and issued a notice of hearing to be held one month later, at which hearing a determination would be made whether the injunction should be extended. The injunction awarded the wife temporary sole custody of the parties' three children.
The husband acknowledges in his brief that he was served with the injunction and notice of the December 12 hearing, on the evening of December 11, 1991. However, when the hearing was held the next day, and there was no proof of service in the court file, the court continued the hearing.
In the meantime, on November 27, 1991, the husband, through Wisconsin counsel, filed for divorce in Wisconsin. In his petition, he alleged that he resided in Milwaukee County for more than 30 days and in Wisconsin for more than six months immediately preceding the commencement of the action. He sought joint custody of the minor children. Attached to the petition for divorce is an affidavit of custody information in which the husband asserted he was unaware of any other custody proceedings concerning the minor children pending in a court of Wisconsin or any other state. In the affidavit he admitted: "I have a continuing duty to inform this court of any custody proceedings brought concerning the children in this or any other state of which I obtain information during this proceeding." A hearing in the Wisconsin action *688 was scheduled for January 24, 1992. The wife was ordered to appear and return the children to Wisconsin for the hearing.
On January 23, 1992, the Florida circuit court entered an order of clarification commenting that the court had had to continue its hearing scheduled for December 12 based upon good cause, but that it was the intention of the court, although not expressly stated, that the provisions of the temporary injunction for protection would remain in full force and effect until a hearing could be conducted.
Hearings were held in Wisconsin on January 24 and 27. Neither the wife nor the children appeared. The wife made a special appearance, through Wisconsin counsel, to contest the jurisdiction of the Wisconsin circuit court. The court rejected the wife's argument and entered an order finding that Wisconsin was the home state of the children pursuant to the UCCJA. The court found the wife to be in contempt for failure to appear and produce the children and she was again ordered to return with the children for hearing on January 31, 1992. She did not appear. Thereafter, in an order dated February 5, 1992, the Wisconsin court awarded temporary custody of the parties' children to the husband.
As can be seen from the above recitation of facts, at this point, the parties either wittingly, or unwittingly, set the stage for an ultimate conflict between Florida and Wisconsin over the authority to adjudicate the matter of custody of these children. In reviewing the facts to this point, the question must be asked, and answered, whether anything could have been done by either party to avoid this conflict. We believe that there was a failure to comply with the requirements of the UCCJA at this juncture, and it was the action or inaction of the husband, in failing to fully apprise the Wisconsin court of the Florida custody proceeding, that was the significant contributing cause in the ensuing controversy.
The UCCJA requires a party to file in his first pleading or by affidavit information regarding any custody proceeding in another state. § 61.132, Fla. Stat.; § 822.09, Wis. Stat. The husband did file such an affidavit on November 27, 1991, in which he asserted truthfully, we will assume, that he knew of no other custody proceeding concerning his children. At the same time he acknowledged his continuing duty, imposed by statute, to inform the court of any custody proceeding regarding the children. Id. This requirement serves important purposes, among them being to enable the court receiving the information  in this case the Wisconsin circuit court  to determine its jurisdiction and to identify courts in other jurisdictions which should be contacted in the event of conflict. Walt v. Walt, 574 So.2d 205, 211 n. 7 (Fla. 1st DCA 1991).[2]
There is no evidence in the appendices filed by the parties,[3] that the Wisconsin circuit court was ever advised by supplemental pleading or affidavit of the nature and effect of the custody proceeding pending before the Florida circuit court. A passing comment in one of the orders of the Wisconsin circuit court indicates the court may have had informal notice of the Florida proceeding, but the court discounted the November 14, 1991 order of the Florida circuit court because it was entered ex parte. Clearly, the Wisconsin court was not advised by the husband that section 741.30, Florida Statutes, permits an order to be entered ex parte under special circumstances outlined in the statute  circumstances which were alleged to be present in this case. Moreover, the Wisconsin court had imperfect knowledge of the subsequent Order of Clarification entered January 23, 1992, believing it to have granted permanent custody of the children to the wife without ever granting the husband a hearing. Accordingly, the Wisconsin circuit *689 court gave no consideration or deference to the Florida action and proceeded to act as if no other state court was involved in the matter. This inevitably led to the present impasse and the thwarting of the purposes of the UCCJA, one of the most important of which is to avoid jurisdictional competition and conflict between state courts in the matters of child custody. See generally, Siegel v. Siegel, 575 So.2d 1267, 1269 (Fla. 1991).
Under the UCCJA, in the event of simultaneous jurisdiction, if a court is informed during the course of a proceeding that a proceeding concerning the custody of the children is pending in another state, before the court assumes jurisdiction it is required to stay the proceeding and communicate with the court in which the other proceeding is pending, to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with the UCCJA. § 61.1314(3), Fla. Stat.; § 822.06(3), Wis. Stat. Because the husband failed to fully advise the Wisconsin court of the nature and effect of the Florida proceeding, the Wisconsin court never communicated with the Florida court as it was required to do by section 822.06(3), Wisconsin Statutes. The Wisconsin court was apparently frustrated by the wife's refusal to appear in Wisconsin, ultimately holding her in contempt, obviously not taking into account the fact that the wife was proceeding under a valid Florida order.
It cannot be stressed too much that at no point in his argument to this court has the husband contended  nor could he contend  that the Madison County Circuit Court order of November 14, 1991 was invalid or entered without or in excess of jurisdiction. While this order was entered under section 741.30, not the UCCJA, the proceedings under the two statutes can be harmonized and are not antagonistic in any respect. As is provided for in section 741.30, the UCCJA permits a court to act and decide child custody matters if a child is physically present in a state and has been abandoned, or if it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected. § 61.1308(1)(c), Fla. Stat.; see also § 822.03(1)(c), Wis. Stat. These circumstances were alleged by the wife to exist in this case. Further, a court may act if it is in the best interest of the child that a court of this state assume jurisdiction because the child, and at least one contestant, have significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. § 61.1308(1)(b), Fla. Stat.; § 822.03(1)(b), Wis. Stat. See Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991). Thus, although the Florida court did not proceed under the UCCJA, it cannot be said that the exercise of its jurisdiction in this instance conflicted with any provision of the UCCJA.
Having identified the transgression which we believe significantly contributed to the present circumstances, we return to conclude the recitation of facts. On February 5, 1992, the wife filed in Madison County Circuit Court a petition to affirm the child custody order and to resolve conflict with the order of the State of Wisconsin. Two hearings were held on the petition. The husband contested continuing Florida jurisdiction, contending that Wisconsin was the home state of the children pursuant to the UCCJA.
In her petition to affirm child custody order, the wife pointed out that in filing his Wisconsin petition, the husband failed to advise the Wisconsin court that he had relocated from Wisconsin to permanently reside in Florida during the months of October and November, 1991, and he erroneously led the court to believe that he had been a resident of Wisconsin continuously for at least six months prior to filing his petition. The petition also alleged that at the time of the commencement of the Madison County Circuit Court proceedings, Florida was the home state of the children by agreement and intent of the parties. Further, the wife alleged that the children were physically present in Florida and had been abandoned by the husband because he left Florida without telling her and had *690 refused and neglected to support the children since leaving. She alleged that section 61.1314 did not preclude Florida from exercising jurisdiction because at the time her first petition was filed there was not a proceeding concerning the custody of these children in any other state. The wife also charges that the problem in this case arose because the husband failed and refused to accurately advise the Wisconsin court of his relocation to Florida and his secret return to Wisconsin.
On April 27, 1992, a few days before the second hearing on the wife's petition, the Wisconsin circuit court granted the husband's petition and dissolved the parties' marriage and awarded sole custody of the children to the husband. In the meantime, before the Wisconsin court entered the final dissolution, the wife on April 22, 1992, filed a separate action for dissolution of marriage in Madison County Circuit Court.
In entering the divorce and granting the father custody of the children, the Wisconsin court found him to have been a continuous resident of Wisconsin for at least six months before commencement of the action and of Milwaukee County for at least 30 days before the commencement. Apparently, the wife intends to defend the res judicata effect of the Wisconsin judgment on the grounds that neither of these two conditions were met. She also intends to defend the res judicata effect of the judgment on the grounds that the husband did not keep the Wisconsin court fully advised concerning the assertion of jurisdiction over the children by the Florida court.
At the hearing on the petition to affirm child custody order, the husband argued that although the Florida circuit court had jurisdiction at the time it first entered the temporary injunction, when the action for dissolution of marriage was filed in Wisconsin jurisdiction in Florida was preempted, and the Florida circuit court should have relinquished jurisdiction to Wisconsin. As already stated, the wife's answer to the husband's argument was that Wisconsin has not properly exercised jurisdiction under the UCCJA.
Thereafter, the Florida court entered an order affirming its injunction and finding that it had jurisdiction to enter the temporary injunction on November 14, 1991, which should remain in full force and effect for the period of one year. § 741.30(7)(b), Fla. Stat. The court expressly declined to make any findings as to the status or enforceability of orders by the Wisconsin circuit court. It is this order which the husband has appealed.
Apparently, the trial court was of the view that the validity of the Wisconsin court's exercise of jurisdiction, and other issues arising under the UCCJA, were matters more appropriately addressed by the court now hearing the separate divorce action presently pending in Madison County Circuit Court. See § 741.30(2)(c), Fla. Stat. It is our understanding of representations made in the parties' briefs and pleadings that these issues are now being litigated in the Madison County Circuit Court divorce action. We affirm the wisdom of the trial court's order.
The trial court confined its order to a determination of whether or not the temporary injunction, validly granted under section 741.30, should be extended. Based upon the record before us, we have been presented with no basis for disturbing the circuit court's exercise of discretion extending the injunction against domestic violence. The husband, in essence, concedes that the trial court had jurisdiction to enter the temporary injunction in this case. Inexplicably, without any case support, he argues that once he obtained a Wisconsin judgment, albeit one which the wife maintains is invalid, the trial court lost jurisdiction to extend the injunction. The cases upon which he relies for this proposition[4] are all distinguishable. None of the cited cases address the precise issue presented in this case.
*691 In the separate divorce proceeding now pending below, the husband will have the opportunity to make his argument that the Wisconsin judgment should be accorded full faith and credit. On the other hand, the wife will have the opportunity, which the law accords her, to establish that Wisconsin did not exercise jurisdiction substantially in conformity with the UCCJA, Seigel v. Seigel, 575 So.2d 1267, 1271 (Fla. 1991), and that the Wisconsin judgment should not be accorded full faith and credit, particularly with respect to child custody, because the husband did not live in Wisconsin for six months immediately preceding his petition for divorce or in Milwaukee County for 30 days preceding the petition, and did not properly inform the Wisconsin court of the previously pending Florida proceeding.
AFFIRMED.
WIGGINTON and WOLF, JJ., concur.
NOTES
[1] According to the husband, he left Florida on October 27, 1991, returned to Wisconsin, and the wife knew he was in Wisconsin when she filed her petition. He denies being a threat to the wife.
[2] This court has recognized in Walt v. Walt, 574 So.2d 205, 212 (Fla. 1st DCA 1991) that the unexcused failure to file the information required by this provision of the UCCJA leaves a court without jurisdiction to enter a valid child custody order under the UCCJA.
[3] No record was filed in this case, as this was an appeal from a non-final order. Rule 9.130(a)(3)(C)(iii), Fla.R.App.P.
[4] Sommer v. Sommer, 508 So.2d 773 (Fla. 5th DCA 1987); Leroy v. Leroy, 480 So.2d 194 (Fla. 1st DCA 1985); De La Pena v. Torrone, 467 So.2d 336 (Fla. 5th DCA 1985); Nussbaumer v. Nussbaumer, 442 So.2d 1094 (Fla. 5th DCA 1983); and Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983).