ON MOTION FOR REHEARING

STONE, J.
We deny Appellant’s motion for rehearing, but we withdraw the opinion issued January 26, 2005, and substitute the following:
Appellant/mother appeals an order denying her motion for a hearing to determine jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA). Appellant asserts that the trial court erred by privately communicating with a North Carolina judge without a court reporter or without affording Appellant the opportunity to be present. As a result of the telephone communication, the trial court can-celled an evidentiary hearing scheduled for the next day on Appellant’s emergency motion for a “pick-up” order concerning the parties’ child who was taken from Florida to North Carolina.
The child was born in North Carolina in 1997. Paternity was adjudicated in that state in 2002. Appellant moved to Florida with the child in 2002. The child was then taken back to North Carolina by the father’s mother without Appellant’s consent. The father refused to return the child to Florida and, on December 30, 2003, a North Carolina judge entered a temporary custody and restraining order in favor of the grandmother. On February 3, 2004, the father sought permanent custody in North Carolina. Appellant, through counsel, participated in at least one North Carolina hearing, at which the court vacated a temporary custody and restraining order. Thereafter, Appellant filed this action.
When the trial court judge in this case spoke with her North Carolina counter *395 part, the Florida judge was informed that a hearing pertaining to jurisdiction was scheduled in North Carolina for March 2004. The trial court then denied Appellant’s “Verified emergency ex-party [sic] motion to compel the court to hold a hearing under the Uniform Child Custody Jurisdiction Act” on the issue of jurisdiction, the court stating that “the jurisdictional hearing has been scheduled in N.C. in the earlier filed case at the end of March.”
Florida courts have jurisdiction over child custody matters when this is the child’s home state. § 61.514(l)(a), Fla. Stat. (2003). The court, however, may decline jurisdiction if it determines that the child or the parents do not have a significant connection with this state and that substantial evidence is not available in this state concerning the child’s care, protection, training, and personal relationships. § 61.515(l)(a), Fla. Stat. See also Crippen v. Crippen, 610 So.2d 686 (Fla. 1st DCA 1992).
Under these circumstances, where the Florida trial court is informed that a proceeding concerning the custody of the child is pending in another state, it is required to stay the proceeding and communicate with the court in the other state to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with the UCCJA. See Crippen, 610 So.2d at 687; § 61.519, Fla. Stat.
Here, the North Carolina judge apparently apprised the Florida judge of factors surrounding these proceedings and of the upcoming scheduled hearings in North Carolina.
Appellant asserts that the trial court’s action was the equivalent of dismissal and relinquishing jurisdiction in favor of North Carolina. She claims the trial court should have set out a more specific factual basis for its order and that the presence of a court reporter was required when the judge spoke to the North Carolina judge.
Section 61.519(1), Florida Statutes, provides that a Florida court should not exercise jurisdiction at the time of the commencement of a child custody proceeding if such proceeding has been commenced in a court of another state having jurisdiction over the matter, unless the proceeding is stayed by the court of the other state. Additionally, under section 61.511(3), Florida Statutes, communications between courts on schedules, calendars, court records, and similar matters may occur without informing the parties, and a record need not be made of the communication.
In this context, we conclude that Appellant has failed to demonstrate reversible error or abuse of discretion. We are not unmindful of the requirement imposed by the supreme court in Chaddick v. Monopoli, 714 So.2d 1007 (Fla.1998). There, the court, after determining that the mother was not entitled to an evidentiary hearing to determine jurisdiction, decided that in future cases, parties should be afforded the “opportunity to be present when a Florida judge and the judge of a sister state communicate or that a record of that conversation must be made.” Id. at 1012. This requirement is provided so that the record on appeal will be sufficient to determine whether the other state court properly exercised jurisdiction in conformity with the UCCJA.
Here, we do not deem the trial court order in question to be a final decision as to Florida jurisdiction. It appears that the trial court was simply recognizing that the North Carolina action, having been previously filed, and with a scheduled hearing, should proceed first, as scheduled. As this is more in the nature of a scheduling decision than a final decision as to jurisdiction, we conclude that the Chaddick require *396 ment for presence of a court reporter is not applicable and that section 61.511(3), Florida Statutes, governs.
Therefore, the order is affirmed.
FARMER, C.J. and TAYLOR, J., concur.