CARROLL, Judge.
Monica Staples obtained a final decree of divorce from her husband Douglas Staples on September 20, 1963. The decree adopted a property settlement agreement which the parties had entered into on August 31, 1963, and ordered compliance therewith.[1] The agreement made certain provision for division of the assets between the parties, and contained a provision whereby the husband agreed to pay the wife $80,000, over a period of 8 years in monthly installments of $833.33.[2]
In a matter of weeks following the decree the wife Monica Staples died. After several months, during which accruing monthly installments went unpaid, the executor of the wife’s estate filed in the civil court of record in Dade County an action to recover the defaulted installments and ail action to recover possession of certain office space leased to the husband, pursuant to a provision of the agreement, in a building owned by the wife. The husband then filed a separate suit in the circuit court, No. 64 — C-306, in which he renounced the property settlement agreement and sought its cancellation or modification, and to restrain the enforcement thereof. In that suit a preliminary injunction was entered restraining the executor of the wife’s estate from proceeding with his actions in the civil court of record to enforce the property settlement agreement which the divorce decree had ordered to be performed. No appeal appears to have been taken from that injunction.
At that stage of the proceedings the executor of the wife’s estate filed a motion in the original divorce proceeding, for rule to show cause against the husband based on his failure to make the monthly payments called for by the property settlement and divorce decree. A rule was issued and in response thereto the defendant husband filed a motion to dismiss, reciting the pendency of his separate suit in another division of the circuit court seeking cancellation of the agreement and reciting the issuance of the injunction in the latter suit. Based on that showing, the chancellor in the divorce suit discharged the rule, and held that the contempt application would *707 not be entertained pending disposition of the husband’s separate suit. No appeal was taken from that order. Thereafter the executor moved in the divorce suit for judgment to be entered against the husband on the monthly installments past due on the $80,000 obligation. The chancellor then entered the order which is the subject of this interlocutory appeal, by which he denied the motion for judgment, as follows:
“This Cause came on to be heard before me on the Plaintiff’s Motion for Reduction of Plaintiff’s Qaim to Judgment, and after hearing argument of counsel for the respective parties, and being advised in the premises, it is thereupon,
“Ordered and Adjudged that the Motion for Reduction of Plaintiff’s Claim to Judgment be and the same is hereby denied.”
Thus the record in this case discloses the anomalous situation in which in one division of the circuit court in Dade County a final decree of divorce was granted requiring the husband to pay to the wife as provided for in their property settlement the sum of $80,000 in monthly installments, while in another division of the circuit court, following the death of the wife, in a suit by the husband to set aside the property settlement agreement, enforcement of certain obligations thereunder which he had been ordered to perform by the divorce decree has been enjoined.
Under the circumstances the chancellor in the divorce suit in denying the motion for judgment for the arrears acted within his discretion, and commendably so as a means of preventing unseemly conflict between separate divisions of the court. However, the order denying the motion for judgment, in its present form, could be interpreted as a final denial of the claim, or as an adjudication that the husband’s obligations under the contract are not enforceable. If such was the holding it was not proper. But the recitations in the record by the chancellor are such as to indicate that was not his intent. Whereupon, the order appealed from is modified to provide that the motion for reduction of plaintiff’s claim to judgment is denied pending disposition of the defendant’s separate suit No. 64-C-306, seeking the cancellation or reformation of the property settlement agreement, and without prejudice to enforcement of the settlement agreement and divorce decree thereafter as may be appropriate; and as so modified the order appealed from is affirmed.
Modified and affirmed.

. The provision of the final decree dealing with the settlement agreement was as follows: “2. That the Agreement and Property Settlement dated August 81, 1963, between the parties hereto, which was admitted in evidence as Plaintiff's Exhibit T’, be and the same is hereby ratified and confirmed and is incorporated in and made a part of this Final Decree of Divorce as though set forth herein verbatim; and the parties are hereby ordered to comply with the terms • thereof.”

. The settlement agreement provided:
“5. The Party of the First Part, Douglas E. Staples, agrees to pay to the Party of the Second Part, Monica M. Staples, in full settlement of her claims and interest in him and in his business, the sum of $80,000.00, payable without interest in monthly installments of $833.-33 on the first day of each month beginning October 1, 1963, and continuing until the total amount of $80,000.00 has been paid in full.
“It is further understood and agreed that in the event of the death of Party of the First Part, Douglas E. Staples, that any unpaid principal balance due on account of the $80,000.00 hereinabove referred to shall immediately accelerate and become due and payable in full in lump sum and shall be a first lien against the Party of the First Part’s entire estate, including all property owned by him at the time of his death and that he will not until this obligation is satisfied create any trusts in an effort to circumvent or defeat the priority of this financial obligation.