PER CURIAM.
This interlocutory appeal involves the validity of a chancellor’s order discharging a rule to show cause, issued against the former husband of a deceased wife. The circumstances surrounding the agreement are discussed in a prior opinion of this court. See: Staples v. Staples, Fla.App. 1964, 168 So.2d 705.
The property settlement agreement, at the time of their divorce, required the husband to pay to the former wife $80,000.00 in monthly installments, in settlement of certain property rights. Thereafter, the wife died and the executor of her estate subsequently secured a judgment of some $20,000.00 against the former husband and then caused the issuance of a rule to show cause from the chancellor in the divorce decree, urging that the husband was in contempt of the final decree of divorce for failure to meet that provision of the final decree which ordered him to comply with the terms of the property settlement agreement. Upon a return being filed and a hearing, the chancellor discharged the rule to show cause, which is the order here under review.
The order of discharge arrived in this court with a presumption of correctness. See: Frell v. Frell, Fla.App.1963, 154 So.2d 706; Dings v. Dings, Fla.App.1964, 161 So.2d 227; Gaer v. Gaer, Fla.App. 1964, 168 So.2d 789. In order to secure a reversal, it was incumbent on the appel-- *904 lant fo show an abuse of discretion on the part of the chancellor. See: Gilbert v. Gilbert, Fla.App.1958, 105 So.2d 379; Dworkis v. Dworkis, Fla.App.1959, 111 So.2d 70, 72 A.L.R.2d 1189; Nadiak v. Nadiak, Fla.App.1965, 172 So.2d 253. No abuse having been shown in refusing to adjudicate the appellee in contempt, the order is hereby affirmed without prejudice to the appellant seeking such other action and relief as is appropriate to collect the final judgment or any other arrearages which may be due under the agreement.
Affirmed.