CASANUEVA, Judge.
Gregory T. Flynn, the Former Husband, petitions this court for certiorari review of an order that denied his motion to consolidate, transfer, and/or stay a civil action filed by Myrna Dejesus Flynn, the Former Wife, pending resolution of substantially the same issue in the family division of the circuit court. We conclude that the circuit court departed from the essential requirements of law in failing to stay the Former Wife’s cause of action and grant the petition.
The final judgment dissolving the parties’ marriage was entered on May 12, 2008, and it incorporated the parties’ marital settlement agreement. Both the judgment and the agreement recognized that the parties were owners of the Flynn Family Limited Partnership, which owned property and a building thereon in Tampa, Florida. The parties’ agreement and the judgment provided that the Former Wife would execute a quitclaim deed in favor of the Former Husband with respect to this property and that she would assign her shares of the limited partnership to the Former Husband. The agreement and the judgment also provided that the Former Husband would execute a note agreeing to pay the Former Wife an equalizing payment of $600,000. The quitclaim deed and the assignment were to be held in escrow until the Former Husband made all equalizing payments under the note. The judgment and the agreement also provided that the Former Husband would pay the For *906 mer Wife interest on the note at a rate of 6% per annum.
The parties’ agreement and the judgment reflected the parties’ recognition that in order for the Former Husband to make this equalizing payment, the Former Husband must refinance the property owned by the limited partnership and that such refinancing was the basis of that part of the parties’ agreement involving the equalizing payment. The final judgment stated that, because refinancing may not be possible, the court “shall retain jurisdiction over the parties to enter such further and additional relief which the court deems appropriate if the Husband shall be unsuccessful in obtaining the refinancing.”
In January 2009, the Former Husband filed a petition in the family division of the circuit court requesting that the court readdress all issues relating to the equalizing payment, including his execution of the note and his obligation to pay interest on the note. The petition alleged that the Former Husband could not obtain refinancing of the property and he therefore was unable to pay the equalizing payment on the note or the interest on the note. This petition remains pending before the family division of the circuit court.
Despite the pending petition, the Former Wife filed a complaint and an amended complaint in a separate action seeking damages equal to the accrued interest on the note that the Former Husband failed to pay her. The Former Husband filed a motion to consolidate, transfer and/or stay the civil case so that the issue could be determined by the family division court. The court denied his motion and the Former Husband filed this petition for writ of certiorari asking this court to quash that order. In his petition, the Former Husband argues only that the trial court departed from the essential requirements of law in denying his motion to stay the Former Wife’s cause of action.
We first note that certiorari relief is appropriate when a circuit court order departs from the essential requirements of law and causes material harm that cannot be remedied on appeal. Spacebox Dover, LLC v. LSREF2 Baron LLC, 112 So.3d 751, 752 (Fla. 2d DCA 2013). An order denying a motion to stay in this circumstance qualifies for certiorari review. Id.; Sorena v. Gerald J. Tobin, P.A., 47 So.3d 875, 877 (Fla. 3d DCA 2010) (“This Court has certiorari jurisdiction to review a trial court’s non-final order denying a motion for stay.”).
In State v. Harbour Island, Inc., 601 So.2d 1334, 1335 (Fla. 2d DCA 1992), this court granted consolidated petitions for writs of certiorari where, although a state case and a federal case were not identical, the disposition of the federal case would resolve numerous issues raised in the state court action. This court noted that “[i]t is well established that when a previously filed federal action is pending between the same parties on the same issues, a subsequently filed state court action ordinarily should be stayed until the determination of the federal action.” Id. A subsequently filed action should be stayed in favor of a previously filed action that “involves the same parties and the same or substantially similar issues.” Fla. Crushed Stone Co. v. Travelers Indem. Co., 632 So.2d 217, 220 (Fla. 5th DCA 1994).
In the present case, where the cases are pending in different divisions of the same circuit court, the principles of priority would apply to prevent multiple cases and unnecessary litigation. See Graham v. Graham, 648 So.2d 814, 815-16 (Fla. 4th DCA 1995) (holding that trial court correctly did not proceed to rule on issues which were being litigated in a previously filed dissolution action in another county).
*907 Staples v. Staples, 168 So.2d 705 (Fla. 3d DCA 1964), is somewhat similar to the present case. In Staples, the trial court entered a final judgment of dissolution of marriage which adopted the parties’ property settlement agreement. Id. at 706. The agreement contained a provision requiring the husband to pay the wife $80,000 over a period of eight years in monthly installments. Id. After the death of the wife, the executor of her estate filed an action in the civil court to recover monthly installments that had not been paid, and the husband filed a separate action in the circuit court seeking to either cancel or modify the property settlement agreement and to restrain the enforcement of the agreement. Id. The executor of the estate then filed a motion to show cause against the husband in the original divorce proceeding based on his failure to make the monthly payments. Id. The Third District held that it would be proper to deny the subsequently filed motion in the dissolution action pending disposition of the previously filed suit by the husband because it would prevent “unseemly conflict between separate divisions of the court.” Id. at 707.
In the present case, the Former Husband’s petition was pending in the family division of the circuit court when the Former Wife filed her complaint. The litigation of both cases simultaneously may create conflict between separate divisions of the court and result in unnecessary litigation where the parties are identical and the two actions involve the same or substantially similar issues. This court has held that cases have substantially similar issues where the actions “involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently filed case.” In re Guardianship of Morrison, 972 So.2d 905, 910 (Fla. 2d DCA 2007) (quoting Fla. Crushed Stone Co., 632 So.2d at 220); see Harbour Island, 601 So.2d at 1335 (“While the two cases are not identical, the disposition of the federal case will resolve many of the issues raised in the state action.”).
Here, both cases involve the same set of facts. In his petition to readdress all issues relating to the equalizing payment, the Former Husband states that he has been unable to obtain refinancing and that he is unable to pay the equalizing payment and the interest payments on the note. He requests the family division court to readdress all issues relating to the payment of the equalizing payment, including his execution of the note and his obligation to pay interest on the note.
In her amended complaint, the Former Wife seeks the interest owed to her pursuant to the terms of the final judgment of dissolution and the note. She acknowledges that pursuant to the note, the Former Husband was required to pay her an accrued interest at 6% per annum, unless he was unable to obtain refinancing as contemplated by the marital settlement agreement. Therefore, both actions involve the same issue pertaining to the refinancing of the property, the promissory note, and the interest on the promissory note.
Accordingly, the circuit court departed from the essential requirements of law in denying the Former Husband’s request to stay the proceedings. We grant certiorari, quash the order denying the stay, and remand with directions to stay the Former Wife’s suit pending disposition of the petition in the family division of the circuit court.
NORTHCUTT and SILBERMAN, JJ„ Concur.