# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1678
LT Case No. 2022-CA-030366

_____

U.S. BANK NATIONAL
ASSOCIATION as INDENTURE
TRUSTEE on Behalf of and with
Respect to AJAX MORTGAGE
LOAN TRUST 2018-B MORTGAGE -
BACKED NOTES,

     Appellant,

     v.

CHERISH LYNN VADNEY a/k/a
CHERISH LYNN UNDERWOOD, as
PERSONAL REPRESENTATIVE of
the ESTATE OF ROBERT VADNEY,
a/k/a ROBERT VADNEY,
DECEASED.

     Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Curt Jacobus, Judge.

Steve D. Tran, of eXL Legal, PLLC, St. Petersburg, for Appellant.

Jay R. Thakkar, of Goldman, Monaghan, Thakkar & Bettin, P.A., Cocoa, and Richard Shuster, of Shuster & Saben, LLC, Satellite Beach, for Appellee.

May 24, 2024

KILBANE, J.

U.S. Bank National Association as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2018-B Mortgage-Backed Notes ("U.S. Bank") appeals the trial court's order granting Cherish Lynn Vadney's, as personal representative of the estate of Roberta Vadney ("the Estate"), motion to dismiss. On appeal, U.S. Bank argues that the trial court should have stayed the case rather than dismiss it. We agree and reverse.[1]

## Facts

In May 2022, U.S. Bank filed a damages action for breach of promissory note regarding a residential property located in Brevard County, Florida ("the Present Action") against the Estate for $129,890.54, plus interest. The Present Action did not seek foreclosure. Instead, the complaint alleged that in 2018 U.S. Bank's predecessor in interest, MTGLQ Investors, L.P., filed a foreclosure complaint in a separate Brevard County case related to the same note and mortgage ("2018 Foreclosure Action"). During the pendency of the 2018 Foreclosure Action, the borrower passed away. As such, a probate case was opened, and Cherish Lynn Vadney was appointed as personal representative for the Estate.

In the Present Action, the Estate filed a motion to stay, abate, show cause or in the alternative, dismiss. The Estate argued, inter alia, that the 2018 Foreclosure Action was still being litigated when U.S. Bank filed the Present Action. The Estate asked the trial court to dismiss the Present Action or to stay or abate it until the 2018 Foreclosure Action is adjudicated to judgment or dismissal.

---

[1] Because this is an appeal from an order granting dismissal, we review the order directly and do not treat the appeal as a petition for writ of certiorari. *See* Fla. R. App. P. 9.030(b)(1)(A), 9.110(h); *cf. Inphynet Cont. Servs., Inc. v. Matthews*, 196 So. 3d 449, 462 (Fla. 4th DCA 2016) (treating appeal as petition for writ of certiorari because order denying motion to stay was a non-final, non-appealable order).

2

At the hearing on the Estate's motion, the Estate explained that U.S. Bank filed a motion for leave to amend its complaint in the 2018 Foreclosure Action to add the exact same claim on the note as was being litigated in the Present Action. U.S. Bank confirmed that it filed said motion, but the trial court in the 2018 Foreclosure Action had not heard or granted it. Moreover, the Estate was actively opposing U.S. Bank's motion.

Because the 2018 Foreclosure Action was pending before a different judge, the trial court in the Present Action found that it lacked subject-matter jurisdiction since the court in the 2018 Foreclosure Action had already exercised jurisdiction over the same parties and the same note and mortgage. As a result, the court determined that dismissal was appropriate rather than stay or abatement.

## Analysis

"[A]n order granting a motion to dismiss presents a pure question of law and is subject to de novo review." *Abitbol v. Benarroch*, 273 So. 3d 147, 153 (Fla. 3d DCA 2019) (citing *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732 (Fla. 2002)). However, a trial court's decision to order or deny a stay is reviewed for abuse of discretion. *Id.* (citing *Pilevsky v. Morgans Hotel Grp. Mgmt., LLC*, 961 So. 2d 1032 (Fla. 3d DCA 2007)).

In the Present Action, the trial court incorrectly determined that the 2018 Foreclosure Action rendered it without subject-matter jurisdiction. "[S]ubject-matter jurisdiction concerns the power of the trial court to deal with a class of cases to which a particular case belongs." *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994) (citing *Lovett v. Lovett*, 112 So. 768 (Fla. 1927)). The claim in the Present Action is within the class of cases over which the trial court has subject-matter jurisdiction. *See* Art. V, § 5(b), Fla. Const.; § 26.012(2), Fla. Stat. (2021).

The issue here is not one of jurisdiction. Rather, this case involves the principle of priority as a matter of comity.[2] "It is the

---

[2] While generally applied when cases are pending in a federal court and state court, in courts of two different states, or in

3

well-established law of Florida that where two courts have concurrent jurisdiction of a cause of action, the first court to exercise jurisdiction has the exclusive right to hear all issues or questions arising in the case." *Hirsch v. DiGaetano*, 732 So. 2d 1177, 1177–78 (Fla. 5th DCA 1999). "In applying the principle of priority, the pivotal question is whether the second-filed action is sufficiently similar in parties and issues as to be unnecessarily duplicative of the prior-filed proceeding." *Inphynet Cont. Servs.*, 196 So. 3d at 464 (citing *Pilevsky*, 961 So. 2d at 1035).

Here, the 2018 Foreclosure Action and the Present Action involve a note and mortgage regarding the same residential property. That said, one action seeks foreclosure and the other is suing on the note. "A party 'has the right to pursue both a claim for foreclosure of the mortgage and a claim for damages on the note.' However, '[i]t is axiomatic that a party can only recover once on the same debt." *Bonita Real Est. Partners, LLC v. SLF IV Lending, L.P.*, 222 So. 3d 647, 652 (Fla. 2d DCA 2017) (alteration in original) (citation omitted) (quoting *Hammond v. Kingsley Asset Mgmt., LLC*, 144 So. 3d 673, 675 (Fla. 2d DCA 2014)). This right is statutorily granted:

> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court . . . . *The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.*

different circuits within this state, *see Inphynet Cont. Servs.*, 196 So. 3d at 465, the principle of priority is also applicable to cases filed in the same circuit. *See Flynn v. Flynn*, 132 So. 3d 904, 906 (Fla. 2d DCA 2014). "The rationale for the application of the principle of priority, as a matter of comity, is the avoidance of wasting judicial resources in duplicative and unnecessary proceedings and the risk of inconsistent judgments regarding the application of law to the same factual dispute." *Inphynet Cont. Servs.*, 196 So. 3d at 464.

4

§ 702.06, Fla. Stat. (2021) (emphasis added). As the Florida Supreme Court explained:

> [T]he statute plainly allows the foreclosure court to adjudicate the deficiency claim but also gives the complainant "the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has *granted or denied* a claim for a deficiency judgment." . . . Therefore, this statute plainly precludes the separate action only where the foreclosure court has actually ruled on the claim.

*Dyck-O'Neal, Inc. v. Lanham*, 257 So. 3d 1, 2 (Fla. 2018).

Thus, U.S. Bank has a right to bring both a foreclosure claim and a claim for damages on the note. However, the outcome of the 2018 Foreclosure Action directly impacts whether U.S. Bank may proceed with the Present Action. *See Bonita Real Est. Partners*, 222 So. 3d at 652 ("Once the party has obtained a foreclosure sale of the property, it cannot collect on the note other than to pursue the appropriate deficiency amount."). While a foreclosure claim and a claim for damages on the note are not identical causes of action,

> [c]omplete identity—of parties or causes of action—is not required for a stay; substantial similarity is sufficient. "[I]t is sufficient that the two actions involve a single set of facts and that resolution of the one case will resolve many of the issues involved in the subsequently filed case."

*Spacebox Dover, LLC v. LSREF2 Baron LLC*, 112 So. 3d 751, 752 (Fla. 2d DCA 2013) (second alteration in original) (citation omitted) (quoting *In re Guardianship of Morrison*, 972 So. 2d 905, 910 (Fla. 2d DCA 2007)). As such, a stay is appropriate pending the outcome of the 2018 Foreclosure Action.[3]

---

[3] As it has been recognized, courts have frequently "used the terms 'stay' and 'abate' interchangeably, but they are not the same." *Homeowners Prop. & Cas. Ins. Co., Inc. v. Hurchalla*, 171 So. 3d 230, 232 (Fla. 4th DCA 2015). "An important difference

5

Although trial courts are afforded discretion when considering whether to stay a case, "this discretionary power is not without limitation." *Spacebox Dover*, 112 So. 3d at 752. Absent special circumstances, such as undue delay, "a trial court abuses its discretion in refusing to grant a stay based on the principle of priority." *Id.* at 752–53 (quoting *In re Guardianship of Morrison*, 972 So. 2d at 910). Here, no such circumstances are alleged.

## Conclusion

The trial court erred when it dismissed the Present Action based on a lack of subject-matter jurisdiction and abused its discretion when it did not stay the proceedings. Accordingly, we reverse and remand with instructions to reinstate the Present Action and stay the proceedings.[4]

REVERSED and REMANDED with instructions.

MAKAR and HARRIS, JJ., concur.

---

between abating a suit and staying it is that the former terminates the action, necessitating a refiling of it, whereas the latter merely pauses proceedings in the stayed suit until the happening of a contingency." *Flaig ex rel. Palmcrest Homes of Tampa Bay, LLC v. Sullivan*, 141 So. 3d 1274, 1275–76 (Fla. 2d DCA 2014) (citing *Perry v. Fireman's Fund Ins. Co.*, 379 So. 2d 429, 430 (Fla. 2d DCA 1980)). Additionally, abatement requires complete identity of parties and causes of action. *Sauder v. Rayman*, 800 So. 2d 355, 358 (Fla. 4th DCA 2001) (citing *REWJB Gas Invs. v. Land O'Sun Realty, Ltd.*, 643 So. 2d 1107, 1108 (Fla. 4th DCA 1994)).

[4] Nothing in this opinion shall be interpreted as applying to or discussing the propriety of U.S. Bank's pending motion for leave to amend in the 2018 Foreclosure Action.

6

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---