# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1429
_____

ATLANTIC COAST CONFERENCE,

    Petitioner,

    v.

FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES,

    Respondent.

_____


Petition for Writ of Certiorari—Original Jurisdiction.

November 4, 2024


LEWIS, J.


Petitioner, the Atlantic Coast Conference ("ACC"), petitions for a writ of certiorari and asks this court to quash the trial court's denial of its motion to stay the case filed in Leon County by Respondent, the Florida State University Board of Trustees ("FSU Board"). The ACC argues that under the principle of priority, the trial court should have stayed the FSU Board's action pending the disposition of the ACC's suit filed in North Carolina, which involves the same parties and the same issues. Because the trial court did not depart from the essential requirements of the law in denying the ACC's motion to stay, we deny its certiorari petition on the merits.

## Factual Background

Florida State University ("Florida State") joined the ACC, a collegiate athletic conference headquartered in North Carolina, in 1991. In 2013 and 2016, Florida State executed Grant of Rights agreements in which it transferred to the ACC the media rights to its home games through 2036. The ACC in turn entered into media contracts with ESPN. As the chair of the ACC's Board of Directors, Dr. James E. Ryan, explained in a March 2024 declaration, the ACC became aware in August 2023 that Florida State "appeared to be either considering a withdrawal from the ACC, a challenge to the Grant of Rights agreements, or both." According to Ryan, "a decision was made that the [ACC] would not bring any litigation against FSU until and only if breach of an agreement with the [ACC] was believed to be imminent." Ryan was notified on December 21, 2023, that the FSU Board scheduled an emergency meeting for the following day. After he conferred with ACC management, Ryan authorized the filing of the ACC's lawsuit in North Carolina on the 21st of December. The ACC sought a declaration that the Grant of Rights agreements were valid and enforceable and that the FSU Board was equitably estopped from challenging their validity or enforceability.

On December 22, 2023, the FSU Board filed a declaratory judgment complaint in Leon County to obtain a "definitive understanding of the financial consequences" of its withdrawal from the ACC. The FSU Board sought a declaration on whether the ACC's withdrawal penalty was legally enforceable against it, whether the ACC's penalties were unenforceable, whether the ACC materially breached its contractual obligations, whether the ACC breached its fiduciary relationship, whether the Grant of Rights agreements were unenforceable due to frustration of purpose, and whether the ACC's punishments violated Florida public policy and were unconscionable. In January 2024, the ACC filed a first amended complaint in the North Carolina suit, adding breach of contract and breach of fiduciary duty claims against the FSU Board. Soon after, the FSU Board filed an amended complaint against the ACC in Leon County.

The ACC subsequently filed a motion to dismiss or, alternatively, to stay in the FSU Board's action. Therein, the ACC

claimed that "it acted to protect itself and its other members by suing FSU's Board of Trustees in North Carolina state court." The ACC asserted that while dismissal of the Florida action was the right result, a stay was an alternative remedy "because the North Carolina case has priority over this one." The ACC argued that a stay was required because the same parties were litigating over the same contracts, North Carolina had priority as jurisdiction first attached there, and the FSU Board could not establish any exceptional circumstances that would justify the denial of a stay. In its response to the ACC's motion, the FSU Board argued that a stay was not warranted because the ACC's North Carolina action was an anticipatory filing. Following the North Carolina court's denial of the FSU Board's motion to stay the action there, the trial court held a hearing on the ACC's motion in Leon County.

In the Order Denying ACC's Motion to Stay, the trial court set forth in part:

> The ACC argues this action should be stayed in favor of its earlier-filed action in North Carolina against the FSU Board pursuant to the principle of priority. "In general, when courts within one sovereignty have concurrent jurisdiction, the court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed with that case. This is called the 'principle of priority.'" . . . The Florida Supreme Court "has determined that the application of the principle of priority as between courts of sovereign jurisdictions is based upon comity and thus a discretionary decision of the trial court[.]" . . . As *Siegel* explained, the principle of priority is "not applicable between sovereign jurisdictions as a matter of duty. As a matter of comity, however, a court of one state may, in its discretion, stay a proceeding" in deference to another state's proceeding. *Siegel* at 1272.

> Discretion is not abused where "additional factors or circumstances which would also warrant a denial of stay by the trial court" are present. *Id.* The ACC argues that under [] *Roche v. Cyrulnik*, 337 So. 3d 86 (Fla. 3d DCA 2021), "extraordinary" circumstances must be found.

3

Under *Siegel*, however, "additional," rather than "extraordinary," circumstances must be shown. Regardless of the terminology, the key is whether the circumstances warrant denial of a stay. . . .

I find based on the record and within the Court's discretion that there are additional (and in fact extraordinary) circumstances warranting denial of the requested stay. Specifically, I find the North Carolina action to be an "anticipatory filing" done in express anticipation of the FSU Board's lawsuit in Florida . . . . In addition, the North Carolina action was brought in a foreign state against a Florida sovereign entity—another additional (and in fact extraordinary) circumstance. Finally, I find that other factors, such as locations of witnesses and evidence and applicable law, do not tip the balance in favor of a stay.

. . . .

Typically, the issue in "anticipatory suit" cases is whether the competing case was in fact filed in anticipation of the challenged case. . . . In the instant case, the evidence shows that the ACC filed its declaratory judgment suit in North Carolina in anticipation of a next-morning filing in Florida by the FSU Board. . . . President Ryan's Declaration describes the ACC learning on December 21, 2023 of the FSU Board's public notice of a meeting for the next day, and the ACC's becoming aware that the meeting was likely for purpose of initiating litigation against the ACC. President Ryan describes that the ACC filed its own lawsuit in North Carolina on December 21, 2023 expressly in anticipation of the FSU Board's to-be-filed Florida lawsuit – the instant suit, which the ACC seeks to stay upon the principle of priority. Although the ACC argued they had an obligation to file their suit, they could have done so long before learning of the to-be-filed action and only did so after learning of the impending action in Florida.

4

President Ryan's Declaration describes circumstances very similar to some of the factual scenarios set forth in the cases describing other examples of anticipatory filings, above. On balance, I find the record evidence in this proceeding, including the complaints and the judicially-noticed matters, shows a virtual classic case of anticipatory filing.

. . . .

The FSU Board argues that the ACC's initiation of material litigation without the Required Vote renders the ACC's December 21, 2023 filing of its lawsuit in North Carolina an ultra vires act, and therefore a nullity under both Florida and North Carolina law. The court makes no finding at this time as to whether that filing was an ultra vires act, but does find that the lack of the Required Vote (along with the Declaration of President Ryan and other matters) is further evidence supporting the conclusion that the ACC filing was an anticipatory suit aimed at trying to head off the FSU Board from filing in its chosen forum (and, indeed, exclusive forum, under Florida law).

I also find that factors other than the priority rule support the denial of a stay in the case. For instance, there are significant questions about whether a sovereign Florida entity can be sued for breach of contract and damages in another state, and whether the sovereign immunity can be deemed waived under the state's law. . . .

The FSU Board has raised issues about whether the ACC's claim of ownership of FSU's media rights to its home games *post-exit* from the ACC would involve a taking by the ACC of property owned by a sovereign Florida entity. Similarly, there are significant state interests as to whether that subject matter constitutes property of the State of Florida. I find that those issues directly affect Florida more than North Carolina because potential Florida, not North Carolina, property and

5

monies are at issue. FSU is a Florida state entity, and is directly funded by the State of Florida. I take judicial notice that the Florida legislature provides state funds to state universities in Florida.

. . . .

There is also an issue of whether the subject matter of this case constitutes property of the State of Florida and whether certain documents (particularly ACC-ESPN contracts) are Florida public records. As discussed at the hearing, Florida law provides significant public access to documents with state entities.

. . . .

On balance, none of the cases cited by the ACC as supporting application of the principle of priority come anywhere close to the facts alleged here and the record, including the ACC's own sworn affidavit, showing a night-before filing, in express sudden knowledge of an impending lawsuit (consequent to the other party's obligation to provide public notice), for only declaratory relief aimed at maintaining the "status quo," relying on a purported waiver of sovereign immunity of an admittedly sovereign entity in a way that would mean every ACC member has waived immunity for virtually any claim in North Carolina.

Following the entry of the foregoing order, the North Carolina court entered an Order and Opinion Staying Action Pending Appeal. The court stayed all proceedings pending the North Carolina Supreme Court's final resolution of the FSU Board's appeal in the case from the North Carolina trial court's denial of its motion to dismiss for lack of personal jurisdiction based on sovereign immunity. This proceeding followed.

### Analysis

The common law writ of certiorari is an extraordinary remedy that gives a higher court the prerogative to reach down and halt a

6

miscarriage of justice. *Univ. of Fla. Bd. of Trs. v. Carmody*, 372 So. 3d 246, 251–52 (Fla. 2023). Certiorari review is not a substitute for an appeal and is intended to be used only in very limited circumstances. *Id.* at 252. The scope of certiorari is more constrained than the review provided in a direct appeal because the writ was not intended to redress mere legal error. *Id.* Certiorari review is appropriate where (1) there was a departure from the essential requirements of the law (2) that resulted in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal. *Id.* The last two prongs of the test are referred to as irreparable harm, and because they are jurisdictional in nature, they must be analyzed before a court may consider the first prong. *Id.*

In this case, the issue as framed by the ACC is "whether Florida law requires the trial court to issue a priority-based stay of this case pending disposition of the North Carolina case." The principle of priority is a matter of comity in which a court in its discretion may stay a pending matter if a substantially similar case is pending in another state's court that first acquired jurisdiction. *Spacebox Dover, LLC v. LSREF2 Baron LLC*, 112 So. 3d 751, 752 (Fla. 2d DCA 2013); *see also Siegel v. Siegel*, 575 So. 2d 1267, 1272 (Fla. 1991) ("Admittedly, this principle is not applicable between sovereign jurisdictions as a matter of duty. As a matter of comity, however, a court of one state may, in its discretion, stay a proceeding pending before it on the grounds that a case involving the same subject matter and parties is pending in the court of another state."); *OPKO Health, Inc. v. Lipsius*, 279 So. 3d 787, 793 (Fla. 3d DCA 2019) ("The 'principle of priority' dictates that the first court to exercise jurisdiction retains the exclusive right to hear the questions and issues arising from the case."). The rationale for the principle's application is the avoidance of wasting judicial resources in unnecessary and duplicative proceedings and the risk of inconsistent judgments regarding the application of law to the same factual dispute. *Inphynet Contracting Servs., Inc. v. Matthews*, 196 So. 3d 449, 464 (Fla. 4th DCA 2016). The complete identity of parties or causes of action is not required for a stay. *Spacebox Dover, LLC*, 112 So. 3d at 752. It is sufficient that the two actions involve a single set of facts and that the resolution of

7

one case will resolve many of the issues involved in the later filed case.[*] *Id.*

Taking first the jurisdictional elements of whether any departure from the essential requirements of the law would result in material injury for the remainder of the case and whether any departure could not be corrected on post-judgment appeal, both elements are satisfied in this case. Indeed, in *Reliable Restoration, LLC v. Panama Commons, L.P.*, 313 So. 3d 1207, 1209 (Fla. 1st DCA 2021), we held that the "possibility of inconsistent rulings amongst different courts adjudicating related lawsuits is the primary danger created by allowing the lawsuits to proceed simultaneously" and that "[t]hat is a harm which is material to the suit, and there is no possibility of remedying inconsistent rulings on appeal." *See also Toth v. Toth*, 359 So. 3d 352, 355 (Fla. 4th DCA 2023) (finding that the irreparable harm element was satisfied because "the relief the respondents sought in the Florida action, if granted, would conflict with one or more orders already entered in the earlier filed Pennsylvania action").

We now turn to whether the trial court's denial of the motion to stay constitutes a departure from the essential requirements of the law. In *Siegel*, the Florida Supreme Court discussed the principle of priority and explained:

> This does not mean that a trial court must always stay proceedings when prior proceedings involving the same issues and parties are pending before a court in another state, but only that *ordinarily* this should be the result. "There may well be circumstances under which the denial of a stay could be justified upon a showing of the prospects for undue delay in the disposition of a prior action." *Schwartz v. DeLoach*, 453 So. 2d 454, 455 (Fla. 2d DCA 1984). **There may be additional factors or**

[*] As the ACC and the FSU Board acknowledge, there is no dispute that the Florida action and the North Carolina action are substantially similar as both arise out of a dispute over the interpretation of the Grant of Rights agreements.

8

> **circumstances which would also warrant a denial of stay by the trial court.**

575 So. 2d at 1272 (emphasis added).  The supreme court did not elaborate on what the "additional factors or circumstances" might include.

Florida's appellate courts, including our court, have also recognized the existence of circumstances other than undue delay that may justify the denial of a priority-based stay.  For instance, in *Reliable Restoration, LLC*, we addressed the principle of priority and stated in part:

> Because the cases are substantially similar, comity requires that the latter case be stayed in favor of the case where jurisdiction first attached. Because service was perfected in the *in personam* Georgia action prior to the filing of the Bay County case, jurisdiction first attached there. The Georgia case has priority, and nothing in the record indicates the possibility of delay in the earlier action **or any other possible exceptional circumstances** which would warrant denying the stay. *See Siegel*, 575 So. 2d at 1271. Thus, the trial court's denial of the stay was a departure from the well-established, essential requirements of the law of comity.

313 So. 3d at 1210–11 (emphasis added); *see also Ocwen Loan Servicing, LLC v. 21 Asset Mgmt. Holding, LLC*, 307 So. 3d 923, 926 (Fla. 3d DCA 2020) (noting that absent extraordinary circumstances, a trial court abuses its discretion when it fails to respect the principle of priority); *Perelman v. Est. of Perelman*, 124 So. 3d 983, 986 (Fla. 4th DCA 2013) ("Absent extraordinary circumstances, a trial court abuses its discretion when it fails to respect the principle of priority."); *In re Guardianship of Morrison*, 972 So. 2d 905, 910 (Fla. 2d DCA 2007) ("Although the principle of priority is discretionary, a trial court should stay proceedings when prior proceedings are pending in a court of another state unless there are special circumstances that would justify a denial of the stay.  Thus, absent such special circumstances, a trial court abuses its discretion in refusing to grant a stay based on the principle of priority.").

Both the ACC and the FSU Board acknowledge that no Florida court has held that an anticipatory filing constitutes an exceptional, extraordinary, special, or additional circumstance that justifies the denial of a priority-based stay. The trial court acknowledged that as well and thus looked to federal cases for guidance. The cases support the court's determination that an anticipatory filing may be considered when ruling on a motion for a priority-based stay. For instance, in *National Broom Company of California, Inc. v. Brookstone Company, Inc.*, No. C 09-00959 JSW, 2009 WL 2365677, at *2 (N.D. Cal. July 30, 2009), the federal district court explained that under the "'first-to-file' rule, a district court may decline jurisdiction over an issue that is properly before another district court." The court noted that certain "[s]pecial circumstances" may warrant granting an exception to the first-to-file rule, including bad faith, an anticipatory suit, and forum shopping. *Id.* It explained that an "action is anticipatory when the plaintiff files it upon receipt of specific, concrete indications that a suit by the defendant is imminent" and that such a suit is disfavored. *Id.* at *3. In granting the stay, the court found that a departure from the first-to-file rule was warranted where the plaintiff "filed the action in this Court in anticipation of [the defendant's] lawsuit . . . ." *Id.*; *see also In re: Amperex Tech. Ltd.*, No. 2022-105, 2022 WL 135431, at *1-2 (Fed. Cir. Jan. 14, 2022) (explaining that the appellant unsuccessfully sought mandamus relief from an order of the federal district court in New Jersey transferring its complaint to the Western District of Texas based upon its first-to-file analysis and concluding that the appellant had not shown a right under the first-to-file rule to prevent transfer of the case and that the district court made a reasonable finding that the appellant's "suit was anticipatory, given the sequence of communications . . . ."); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137 (11th Cir. 2005) ("[O]ur precedent does not stand for the proposition that the district court was required to dismiss a declaratory judgment action when the action was filed in apparent anticipation of another proceeding. . . . Instead, our precedent stands for the proposition that the district court did not abuse its discretion in relying on that fact to dismiss the action."); *Equal Emp. Opportunity Comm'n v. Univ. of Pa.*, 850 F.2d 969, 974 (3rd Cir. 1988) ("To be sure, this is the type of situation that prompted the first-filed rule. . . . The potential conflict, however, is of the University's own making. Indeed, it must have anticipated this

10

problem when it decided to preempt an inevitable subpoena enforcement action by filing suit three days before expiration of the EEOC grace period in what it perceived as a more favorable forum. . . . [V]iewing the totality of the circumstances, the district court did not abuse its discretion by declining to dismiss the second-filed suit."); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Circ. 1983) (affirming the dismissal of a declaratory judgment action and finding that "[t]here is sufficient evidence here to support the district court's conclusion that Mission's action was in anticipation of Puritan's California suit" and that "[t]he district court therefore acted within its discretion in considering the anticipatory nature of this suit"); *Payne v. Kennedy Johnson Gallagher LLC*, No. CV-10-297-PHX-DGC, 2010 WL 2079928, at *1 (D. Ariz. May 24, 2010) ("Because this action was brought before KJG filed the New York action, strict application of the first-to-file rule would cause the Court to retain, rather than dismiss, this suit. . . . Indeed, the 'most basic aspect of the first-to-file rule is that it is discretionary[.]' . . . Gallagher's testimony establishes that this action was filed only five days after KJG explicitly threatened imminent suit against Payne and MPI. . . . The Court, on the basis of that undisputed evidence, finds that this action constitutes an anticipatory suit for purposes of the first-to-file rule.").

The trial court also cited to a North Carolina case on the issue. *See* C*oca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 141 N.C. App. 569, 579 (N.C. App. 2000) ("We also note that in situations in which two suits involving overlapping issues are pending in separate jurisdictions, priority should not necessarily be given to a declaratory suit simply because it was filed earlier. Rather, if the plaintiff in the declaratory suit was on notice at the time of filing that the defendant was planning to file suit, a court should look beyond the filing days to determine whether the declaratory suit is merely a strategic maneuver to achieve a preferable forum.").

In its appellate briefs, the ACC argued that an anticipatory filing cannot constitute an exceptional circumstance that would justify the denial of a priority-based stay. However, during oral argument, the ACC abandoned this contention when it acknowledged that an anticipatory filing may in fact constitute a special, additional, exceptional, or extraordinary circumstance.

11

Although no Florida appellate court has expressly addressed the issue, the foregoing case law confirms the ACC's acknowledgment to be correct and leads us to conclude that the trial court did not depart from the essential requirements of the law in its analysis. *See Nader v. Fla. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 723 (Fla. 2012) ("[C]ertiorari jurisdiction cannot be used to *create* new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts . . . .").

The ACC's primary assertion during oral argument was that the trial court departed from the essential requirements of the law in finding that its North Carolina action constituted an anticipatory filing. Yet, this was not a situation where the trial court merely implied from the timing of the ACC's suit that it acted in anticipation of the FSU Board's suit. *Cf. Diversified Metal Prods., Inc. v. Odom Indus., Inc.*, No. 1:12-cv-00162-BLW, 2012 WL 2872772, at *4 (D. Idaho July 12, 2012) ("The only remaining exception is anticipatory suit, which occurs where the filing plaintiff has received specific, concrete indications that a suit by the defendant is imminent. . . . Odom received no such 'concrete indications' that a suit by DMP was imminent, so anticipatory suit likewise does not apply."). Instead, the trial court relied upon Dr. Ryan's declaration in which he represented that he authorized the ACC's lawsuit on the same day it came to his attention that the FSU Board, which he knew was considering withdrawal from the ACC, a challenge to the Grant of Rights agreements, or both, had scheduled an emergency meeting for the following day. The trial court did not depart from the essential requirements of the law in basing its finding of an anticipatory filing on competent, substantial evidence. It is important to consider as well that the trial court did not rely only on the ACC's anticipatory filing in denying the motion to stay. The court also found that the ACC's action was brought "in a foreign state against a Florida sovereign entity" and that there are "significant state interests as to whether that subject matter constitutes property of the State of Florida."

In conclusion, because the ACC has failed to establish an entitlement to certiorari relief, we deny its petition on the merits.

DENIED on the merits.

BILBREY and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Alan Lawson, Paul C. Huck, Jr., Jessica Slatten, Raymond F. Treadwell, and Robert E. Minchin, III, of Lawson Huck Gonzalez, PLLC, Tallahassee, for Petitioner.

Elliot H. Scherker of Greenberg Traurig, P.A., Miami; David C. Ashburn and John K. Londot of Greenberg Traurig, P.A., Tallahassee; Peter G. Rush of Greenberg Traurig, P.A., West Palm Beach, for Respondent.