DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIGITALBRIDGE PARTNERS, III, LP,** and
**DBP III SNOWBIRD BIDCO, LLC,**
Petitioners,

v.

**CARIACO TECHNOLOGIES, INC.,** a Florida corporation, and
**CARIACO CONSULTING, INC.,** a Florida corporation,
Respondents.

No. 4D2025-2434

[March 11, 2026]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case No. 50-2024-CA-011356-XXXA-MB.

Beverly A. Pohl of Nelson Mullins Riley & Scarborough LLP, Boca Raton, and Kimberly J. Freedman and Mark F. Raymond of Nelson Mullins Riley & Scarborough LLP, Miami, for petitioners.

Alan B. Rose and Carly M. Weiss of Taft Stettinius & Hollister LLP, West Palm Beach, for respondents.

PER CURIAM.

Digitalbridge Partners, III, LP, and DPB III Snowbird Bidco, LLC, seek certiorari review of a nonfinal order denying their motion to stay proceedings in the Palm Beach County action pending resolution of a related, first-filed action in Miami-Dade County. We grant the petition and quash the order.

Certiorari relief is appropriate where a trial court departs from the essential requirements of law and causes irreparable harm that cannot be remedied on plenary appeal. *InPhyNet Contracting Servs., Inc. v. Matthews*, 196 So. 3d 449, 462–63 (Fla. 4th DCA 2016). The risk of an inconsistent ruling on the same dispositive issue by another court constitutes irreparable harm. *Id.* at 463.

Both actions arise from the same Software Development Agreement and the same threshold question: whether that agreement conferred a 5% ownership or equity interest in HControl Corporation upon Rafael Marquez or his entities, respondents in this action. That issue underlies all claims asserted in this Palm Beach County action and has already been adjudicated by the Miami-Dade court in resolving declaratory relief claims arising from the same agreement. Allowing the Palm Beach County action to proceed simultaneously creates a substantial risk of inconsistent rulings on the same contract interpretation issue.

We find the trial court departed from the essential requirements of law by failing to apply the principle of priority. When substantially similar actions are pending in different courts, the later-filed action should be stayed absent special circumstances. *Toth v. Toth*, 359 So. 3d 352, 354 (Fla. 4th DCA 2023). Identity of parties or causes of action is not required for a stay; substantial similarity of the issues is sufficient. *Spacebox Dover, LLC v. LSREF2 Baron LLC*, 112 So. 3d 751, 752 (Fla. 2d DCA 2013). Here, no special or extraordinary circumstances justified denial of a stay.

Accordingly, we grant the petition, quash the order denying the stay, and remand with instructions to stay the Palm Beach County proceedings pending further disposition of the related Miami-Dade County action or the associated appeals currently pending in this court. This disposition is procedural only and does not address the merits of any party's claims.

*Petition granted; order quashed; and remanded with instructions.*

MAY, CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**