# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0119
Lower Tribunal No. 24-177881-CC-25
_____

**Michel Valdez**,
Appellant,

vs.

**Progressive Select Insurance Company**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Michaelle Gonzalez-Paulson, Judge.

Michel Valdez, in proper person.

Kubicki Draper, P.A., and Valerie A. Dondero and Barbara Fox, for appellee.

Before, LOGUE, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Finch v. Auto Club Ins. Co. of Fla., 412 So. 3d 847, 851 (Fla. 6th DCA 2024) ("[T]he principle of priority is generally applied to cases pending concurrently in a federal court and a state court or currently in courts of two different states, [but] the principle is also applicable when two cases are pending in different circuits within this state." (quoting Inphynet Cont. Servs. v. Matthews, 196 So. 3d 449, 465 (Fla. 4th DCA 2016))); Flynn v. Flynn, 132 So. 3d 904, 906 (Fla. 2d DCA 2014) ("In the present case, where the cases are pending in different divisions of the same circuit court, the principles of priority would apply to prevent multiple cases and unnecessary litigation."); Inphynet Cont. Servs., 196 So. 3d at 464 ("The rationale for the application of the principle of priority, as a matter of comity, is the avoidance of wasting judicial resources in duplicative and unnecessary proceedings and the risk of inconsistent judgments regarding the application of law to the same factual dispute."); Atl. Coast Conf. v. Fla. State Univ. Bd. of Trs., 398 So. 3d 479, 485-87 (Fla. 1st DCA 2024) (recognizing trial courts may consider matters outside the pleadings when determining whether to apply the principle of priority—trial court properly considered a declaration from a party representative in the first-filed North Carolina action when determining, in the later-filed Florida action, whether the North Carolina case was anticipatory and therefore constituted a special, additional, exceptional, or

extraordinary circumstance affecting the priority analysis); U.S. Bank Nat'l Ass'n ex rel. Ajax Mortg. Loan Tr. 2018-B Mortgage-Backed Notes v. Vadney, 387 So. 3d 441, 444 (Fla. 5th DCA 2024) ("In applying the principle of priority, the pivotal question is whether the second-filed action is sufficiently similar in parties and issues as to be unnecessarily duplicative of the prior-filed proceeding." (quoting Inphynet Cont. Servs., 196 So. 3d at 464)); Reliable Restoration, LLC v. Pan. Commons, L.P., 313 So. 3d 1207, 1210 (Fla. 1st DCA 2021) ("Where the two actions involve a single set of facts such that resolution of the one case will resolve many of the issues involved in the subsequently filed case, the cases are substantially similar and comity principles will apply." (internal quotation omitted)); Leslie Fay Retail Outlets, Inc. v. Gallery Mfg., Corp., 653 So. 2d 1106, 1107 (Fla. 3d DCA 1995) ("[T]his case involves actions identical in parties and issues so as to be unnecessarily duplicative of the first-filed . . . [case].").